Hill *v.* Robertson.

ANNE HILL, Administratrix, *vs.* WILLIAM ROBERTSON, Trustee, et al.

Where an appeal, operating as a *supersedeas*, has been granted by one of the judges of the high court, from an interlocutory decree of the superior court of chancery appointing a receiver, and the property having gone into the possession of the receiver, he disregards the *supersedeas* and refuses to surrender it, an order for a writ of restitution by one of the judges of the high court should be directed to the clerk of the court from which the appeal was taken, and the writ made returnable thereto.

Such writ, being process of the court to which it is made returnable, is subject to its control, and the chancellor has power to enjoin its execution, and does not, in so doing, exercise a power in conflict with the jurisdiction of the high court of errors and appeals.

If the injunction is improperly granted, the appellant has his remedy in the chancery court, where upon motion it may be dissolved, and the writ of restitution left free to fulfil its objects.

The power by which a judge of the high court can order a writ of restitution, in such a case, is a special power conferred by the statute.

THIS is a motion made in the high court of errors and appeals, and the case is fully stated in the opinion of the court.

*D. C. Glenn,* for motion.

*L. V. Dixon,* on the same side.

*George S. Yerger,* contra.

*G. L. Potter,* on the same side.

Mr. Chief Justice SMITH delivered the opinion of the court.

This is a motion made in this court by Anne Hill, administratrix of Isaac Sellers, deceased, for an order upon the receiver appointed by the superior court of chancery, in the case of

*William Robertson, Trustee, et al.* v. *Anne Hill as adminis-tratrix, et al.,* then pending in said court, to compel him to deliver to said administratrix or her authorized agent, the personal property named in the proceedings, pursuant to an order of appeal granted by the late chief justice of this court.

It appears that upon the granting of the order for the appointment of the receiver, which was done on the 10th of February, 1850, the said Anne Hill prayed for an appeal from said order to this court, to operate as a *supersedeas,* without an appeal bond being given by her, as required by the statute in ordinary cases of appeal. The application was predicated on the ground that the defendant, having executed bond as administratrix, she was entitled to an appeal, to operate as a *supersedeas,* without any additional bond. The chancellor, it seems, was willing to allow an appeal to be taken, but refused to permit it to operate as a *supersedeas,* without the party would enter into bond as in cases where the party impleaded as defendant, if not an administrator or executor, would be required to do. No appeal was then taken, but within a few days afterwards, upon petition, an appeal was granted by the late chief justice of this court, to operate as a *supersedeas* without an appeal bond being given by the party.

The fiat for the appeal is dated 15th April, 1850; but before that time the receiver had taken possession of the greater part of the property embraced in the order by which he was appointed.

Upon petition setting out this fact, and alleging that said receiver had refused, on application, to restore said property to the petitioner, on the the 9th May, 1850, a further order was granted by a judge of this court, by which a writ was issued from the superior court of chancery, directed to the sheriff of Adams county, requiring him to restore to said petitioner the possession of the property which had gone into the hands of the receiver.

The sheriff was restrained from the execution of said writ by an injunction, issued from the superior court of chancery on the 15th of said month.

In view of this state of facts, it is contended that the appeal and *supersedeas* which had been granted, not only operated a suspension of the decretal order for the appointment of the receiver, but that appellant was thereby entitled to have restitution of the property which had been taken into his possession by the receiver. And further, that the justices of this court, under the law, had the undoubted authority to award the proper process to effect that object.

Hence it is inferred that, as the writ of restitution which issued in this case was awarded by a judge of this court, who had as ample power to perform the act as the court itself, it was not competent for the superior court of chancery to prevent its execution by injunction or in any other mode. In other words, it is insisted that the injunction issued by said court was in opposition to, and in conflict with, the jurisdiction of the high court of errors and appeals.

We take a very different view of the subject; and that view renders it unnecessary for us to inquire whether the *supersedeas,* under the circumstances of this case, was legally or illegally granted; or whether its effect was or was not to entitle the appellant to a restoration of the property.

The appeal which had been granted in this case, was taken from an interlocutory order of the chancellor, in no wise connected with the merits of the controversy. It did not remove the cause beyond the jurisdiction of the chancery court; hence the writ of restitution should not have issued from this court, nor have been made returnable here. The fiat for the writ of restitution was properly directed to the clerk of the superior court of chancery, whence the writ issued, and where it should have been made returnable.

The chief justice, in awarding the writ of restitution, did not act by virtue of any jurisdiction or power which vested in him as a justice of this court. The authority under which he acted was a special power conferred by the statute. The writ of restitution was process of the chancery court, and in granting it the chief justice acted in the capacity of chancellor. Being process of that court, it was necessarily subject to its control. Hence the chancellor or judge, who ordered

the writ of injunction, in so doing did not exercise a power in conflict with the jurisdiction of this court.

If the injunction was improperly granted, the appellant has her remedy in the chancery court, where, upon motion, it may be dissolved, by which means the writ of restitution would be left free to fulfil its objects.

Let the motion be overruled.