J. E. BUCKLEY *v.* W. W. GEORGE ET AL.

1. SUPERSEDEAS. *Appeal. Appointment of receiver. Code* 1880, §§ 1404, 2311.

   Under § 2311, code 1880, providing that the chancellor may grant an appeal from certain interlocutory decrees, and "shall determine whether such appeal shall operate as a supersedeas," and under § 1404, providing that a judge of the supreme court may grant writs of supersedeas, and also appeals from such interlocutory decrees, provided an appeal has been refused by the chancellor, where the chancellor, on granting an appeal from an order appointing a receiver, refuses a supersedeas, a judge of the supreme court may grant it.

2. RECEIVER. *Appeal. Supersedeas. Restitution. Damages.*

   A supersedeas on an appeal from an interlocutory order appointing a receiver, though granted after the receiver has taken possession, entitles the appellant whose possession has been disturbed to immediate restitution of the property; and if the person appointed receiver detains it, he is liable in damages therefor.

3. SAME. *Liability of displaced receiver. Leave to sue unnecessary.*

   In such case, the action is not against the defendant as receiver, but as an individual for a wrong done after suspension of the office. Therefore, leave of the chancery court to sue is not necessary.

FROM the circuit court of Clarke county.

HON. S. H. TERRAL, Judge.

The opinion states the case.

*Miller & Baskin,* for appellant.

As soon as bond was given and the writ of supersedeas issued, appellant was entitled to the property. The receiv-

ers no longer had the right to retain possession ; the decree appointing them was then vacated. *Bisbee* v. *Hall*, 3 Ohio, 449 ; *Eldridge* v. *Chambers*, 8 B. Monroe (Ky.), 411.

Regardless of appellant's rights, the defendants held possession of her property after the supersedeas was issued, and therefore became trespassers, and liable in damages. In addition to the above authorities, we cite *Walker* v. *McDowell*, 4 Smed. & M., 118; *Parker* v. *Dean*, 45 Miss., 408; 9 Wis., 364, 395 ; 3 Baxter (Tenn.), 226 ; *State* v. *Johnson*, 13 Fla., 33.

*Hamm, Witherspoon & Witherspoon*, for appellees.

1. A suit cannot be maintained against a receiver of the chancery court without its permission. This is sufficient to defeat the suit, unless the subsequent discharge of the receivers changes the rule. As to the necessity of obtaining leave to sue, see Beach on Receivers, 653, 654, 655; High on Receivers, 30, 140, 254 *et seq.; Barton* v. *Barbour*, 104 U. S., 126.

2. The supersedeas was void for want of authority to grant it. Section 2311, code 1880, confers upon a chancellor granting an appeal from an interlocutory order the exclusive jurisdiction to determine whether the appeal shall operate as a supersedeas. The only power of the supreme court judges to grant a supersedeas in cases of appeals from interlocutory decrees is where the chancellor has *refused* the appeal. Code 1880, § 1404. Here the appeal was granted, and not refused by the chancellor, and the judge of the supreme court could not reverse his determination as to the supersedeas. The general power of a supreme court judge to grant a supersedeas does not apply to the case of an appeal from an interlocutory order, because jurisdiction as to this is especially conferred upon the chancellor.

If a supreme court judge can set aside the determination of the chancellor as to this, then any circuit judge or any other chancellor could do the same. That a supreme judge, in granting a supersedeas, is only acting as a chancellor, was expressly held in *Hill* v. *Robertson*, 23 Miss., 306.

3. Even if the supersedeas was properly granted, it did not give appellant the right of possession. A supersedeas does not annul what has been done, but only stays further proceedings until the matter can be reviewed on appeal. *Bank* v. *Calvit*, 3 Smed. & M., 143; *Montgomery* v. *McGimpsey*, 7 *Ib.*, 557; 2 Freeman on Judgments, § 382; 38 Am. Dec., 739; 41 *Ib.*, 625, note; 39 Ill., 301; *Board* v. *Gorman*, 19 Wall., 661; 93 U. S., 86; *Foster* v. *Kansas*, 112 *Ib.*, 201.

When an appeal is perfected and supersedeas bond effected, the jurisdiction of the court below ceases, and no motion can be entertained therein pending appeal. 1 Am. & Eng. Enc. L., 623, citing 37 Miss., 172.

Opposite counsel rely upon *State* v. *Johnson*, 13 Fla., 33, which was evidently decided under a local statute. It does not state the general rule. This decision is referred to in High on Injunctions, p. 27 *et seq.*, and the author refers to it as a decision based upon a statute. It is also referred to in Beach on Receivers, p. 41 *et seq.*, and treated as a decision on a statute.

4. If, before the receivers were placed in possession, the order appointing them had been appealed with a supersedeas, the possession of the property would have remained with appellant. But before the so-called supersedeas was granted or issued, the receivers had reduced the property to possession. It was then in the custody of the law, and the supersedeas could not change the possession. High on Receivers, 136.

Even if the supersedeas was legal, and its effect was to entitle appellant to the possession of the property, it does not follow that the receivers are liable in damages for a refusal to recognize that right. The position of a receiver would be perilous, indeed, if he were thus liable. He would be under the necessity of deciding, at his peril, the rights of different claimants. A receiver acts for the court; and if property taken by him belongs to one not a party to the

suit, such person cannot take it from him by replevin; nor could he surrender it without permission of the court.

COOPER, J., delivered the opinion of the court.

This is an action at law by appellant to recover from appellees damages for injuries sustained by her under the following circumstances: On the eighteenth day of January, A.D. 1892, Putnam, Baldwin & Co. and others, exhibited their bill against the appellant and others, and by an order of the chancellor then made in vacation in said cause, the appellees were appointed receivers of the appellant's estate, consisting of a stock of goods of the value of $6,000, of notes, book accounts and other rights in action of the value of $20,000, and of her lands located in Clarke, Jasper and other counties in this state of the value of $30,000. On the day of their appointment, the appellees gave bond as receivers and took possession of said estate. On the same day the appellant applied to the chancellor for an appeal, to operate as a supersedeas, of the order appointing the receivers, and the chancellor granted the appeal, but refused to order the supersedeas. Upon the refusal of the chancellor to grant the supersedeas, the appellant presented her petition to the chief justice of this court, who made an order for the issuance of the writ of supersedeas upon appellant's entering into bond in the penalty of twenty thousand dollars, which bond was executed by her, and was approved by the proper officer, who, thereupon, issued the writ of supersedeas as required by the fiat, which writ was, on the twenty-fifth day of January, 1892, duly executed upon the appellees. The appellant, thereupon, demanded possession of all her estate from the appellees, which was refused by them, and they continued in possession thereof until the twenty-third day of April, 1892. It is alleged in the declaration that, on the —— day of ——, 1892, the order of the chancellor appointing the receivers was reversed by the supreme court, and the receivers discharged. The declaration avers that by reason of the de-

fendants withholding possession of her property from the twenty-fifth day of January, the day when the writ of supersedeas was served upon them, to the twenty-third day of April, when possession was restored to her, she has been greatly damaged; that the goods in the possession of the receivers were such as were usually kept in country stores, and depreciated in value during that time fifteen hundred dollars; that her business was broken up, and her credit greatly injured by her store being so long closed, and that during said period many of the claims due to her became barred by limitation, or otherwise impaired in value. Other injuries are specifically set forth in the declaration as having resulted from the act of the defendants in withholding from the plaintiff the possession of the property after the service of the writ of supersedeas.

The defendants demurred to the declaration, and assigned thirty-four special causes of demurrer. The demurrer was sustained, and the suit dismissed, and the plaintiff appeals. We shall notice specially only a few of the numerous causes of demurrer. All have been considered, but many of them are disposed of by the statute which provides that " a pleading shall not be deemed insufficient for any defect which could heretofore be objected to only by special demurrer." Code 1892, § 703.

It is contended by the counsel for appellees (1) that the defendants, being receivers of the chancery court, could not be sued without the permission of that court; (2) that the chancellor having granted an appeal from the order appointing the receivers, and having refused to grant a supersedeas thereof, it was not competent for a judge of the supreme court to thereafter grant the writ; (3) that if the supersedeas was lawfully granted, its effect was to preserve the status existing at the time of its service, and, since the defendants had then taken possession of the property under their appointment as receivers, it was their duty to retain it until the order or decree by which they were appointed should be vacated.

The first and third of these propositions may be examined together, for they are both determinable by the conclusion which may be reached as to the effect of the writ of supersedeas. Before considering this question, we will dispose of the objection that it was not within the power of one of the judges of this court to grant a writ of supersedeas after it had been refused by the chancellor.

By § 2311, code 1880, it is provided that " an appeal may be granted by the chancellor, in term-time or vacation, from any interlocutory order or decree whereby money is required to be paid or the possession of property to be changed, or where he may think proper in order to settle the principles of the cause or to avoid expense and delay; but such appeal shall be applied for within ten days after the date of the order or decree complained of, and bond shall be given as in other cases, and the chancellor shall determine whether such appeal shall operate as a supersedeas or not."

By § 1404 of said code it is also provided that " the judges of the supreme court may severally grant writs of supersedeas; they may grant writs of certiorari; they may grant appeals from interlocutory decrees in chancery when, by such decrees, money is to be paid or the possession of property is to be changed, or where such appeal is necessary to settle the principles of the cause, provided such appeal shall have been refused by the chancery court, or by the judge thereof in vacation."

It is urged by counsel that by § 2311 it is provided that the chancellor shall determine whether the appeal from an interlocutory decree shall operate as a supersedeas, and counsel contend that it was never intended by the law to give to the judges of this court, individually, a supervisory jurisdiction over chancellors or chancery courts. Counsel are forced to admit that by § 1404 just that power is clearly conferred if the chancellor refuses an appeal from an interlocutory decree; but they contend that this statutory power should be strictly construed, and, since the chancellor did

grant an appeal from the decree appointing the receivers, the chief justice had no authority to make an order for the supersedeas which the chancellor had denied.

The argument of counsel is too refined and technical. The manifest purpose of the code provision is that the chancellor deciding a cause, and making an interlocutory decree therein of the class named, may grant an appeal therefrom, with or without supersedeas; but that, if either the appeal or the supersedeas is refused by him, the party may apply to one of the judges of this court, who may grant the appeal or order the supersedeas; and such has been the practice for very many years. *Hill* v. *Robertson*, 23 Miss., 306; *Wilson* v. *Pugh*, 61 *Ib.*, 449.

The real question involved is as to the effect of the supersedeas when served upon the receivers. Did it serve only to suspend further action under the decree, leaving the property committed by the order of their appointment to the receivers in their possession until the appeal should be finally determined, or was its effect to displace and discharge the superseded decree and entitle the owner whose possession had been disturbed to an immediate restitution of the property? It is only by virtue of statutes that appeals may be taken from interlocutory decrees, and there seems to be but few states in which the right of appeal is given from an order appointing a receiver, as is the case in this state. It is uniformly held that an appeal from a final decree does not displace a receiver appointed by a prior interlocutory decree, but no light is cast upon the question here involved by that class of cases, for appeals from final decrees do not suspend administrative interlocutory decrees. In the states in which appeals are allowed from interlocutory decrees, we have found but one case in which the effect of a supersedeas upon an order appointing a receiver has been considered and decided, and that is the case of the *State* v. *Johnson*, 13 Florida, 33. In that case a receiver had been appointed for a railroad, and a supersedeas had been allowed by the chief justice after the

receiver had qualified and taken possession of the property. The chief justice, in addition to making an order of supersedeas, also directed an order to be made upon the receivers to restore the possession of the property to the appellants, to be by them held pending their appeal. This order the receivers refused to obey, and an attachment was issued against them for contempt. The question was very thoroughly considered by the court, and the conclusion reached that the effect of the supersedeas was to retroact and suspend the order by which the receiver was appointed, so that, though nothing which had been done before service of the writ was disturbed or its legal effect changed, there was no longer any efficacy in the decree to uphold action by, or the possession of, the receivers. The character of the duties imposed upon the receivers in that case served to illustrate and support the argument of the court. In the order appointing them, they had been directed to take charge of the Jacksonville, Pensacola & Mobile railroad, the Tallahassee railroad and the Pensacola & Georgia railroad, and to operate, manage and conduct the same, " and to execute and perform the public trusts and obligations created in the charter of the Pensacola & Georgia company, and in the agreement of the purchasers of said railroad in the extension of said road to the Chattahoochee river." It was contended for the receivers that the only effect of the supersedeas was to suspend further action on their part, and that it did not serve to withdraw from them the possession which they had received before the writ was granted. But the court said: " When the powers of the circuit court and the duties of its officers under the superseded order were suspended, what was the effect of the suspension? It seems to us that it was legally and logically this: The court and its officers are required to surcease and desist from taking and holding the railroads, their property and moneys; stop operating the same; stop receiving the revenues, paying expenses, building railroads out of the moneys; make no contracts; leave the roads as you found them, until the deter-

mination of the matter by the court having cognizance of it." And again : " The receiver having no authority further to operate the roads, and refusing to allow the *prima facie* owners so to do, the necessary result is that the roads must cease their operations and business, the engines and cars must rest quietly upon the track, and the operatives be discharged, until the appeal be disposed of."

The argument of necessity seems to us to be conclusive. Ordinarily, the rule undoubtedly is that a supersedeas fixes and preserves the existing conditions until the cause can be finally heard and determined. Nothing that has been done under the judgment or decree is undone or its validity impaired; but nothing further can be done, for the judgment or decree, being the sole authority for action, and it being superseded, there is necessarily a suspension of action. But it would be a fatal adherence to rules of procedure that would destroy an estate to preserve an analogy; and when it is, in the nature of things, impossible that the status can be preserved by inaction, it necessarily follows that action of some sort by some one must be permitted. To give any effect to a supersedeas, it must be held to at least suspend further action under the judgment or decree. It is true that, at common law, the rule was that, if the supersedeas was served after the levy of an execution, the officer sold the property, and retained the proceeds; but this rule was probably founded upon the theory that, by reason of the levy, the officer had acquired title to the thing seized, and that he was selling as owner, and not by virtue of the writ, for he could also sell such property after the return-day of the writ, and even after the expiration of his term of office. Mr. Freeman thinks the power of sale after the return-day, or after the expiration of the term of the officer, exists by reason of the authority of the writ, and not because of the property acquired by its levy; and so it seems to be held in some of the states. Freeman on Ex., § 106, and authorities there cited. But it is not a satisfactory derivation of the

power to sell in cases where the authority of the writ is suspended by supersedeas of the judgment, which power also existed at common law. *Ib.*, § 32. But the common law rule has never been adopted in this state, and with us the supersedeas discharges the levy of an execution. *Walker* v. *McDowell*, 4 Smed. & M., 118; *Parker* v. *Dean*, 45 Miss., 408.

In other jurisdictions it is held that an injunction issued in favor of the defendant or a third person releases the levy of an execution. *Eldridge* v. *Chambers*, 8 B. Monroe (Ky.), 411; *Telford* v. *Cox*, 15 Lea (Tenn.), 298.

Now, it is manifest that when any action is to be taken by a receiver, any thing to be done by him with or in reference to the property committed to him by the court, inaction by him would be a breach of his official duty and a violation of the decree by which he is appointed. It is hardly necessary to say that, in the great majority of cases of receiverships, there is something more to be done than to hold an inert mass of property in an unchanged and unchanging condition. In all cases in which the order of the court, either expressly or by necessary implication, requires something to be done, inaction would itself be a breach of duty. If the supersedeas merely paralyzes the receiver as an actor, and leaves the property, as it were, in mortmain pending the appeal, the strange result will have been produced of changing the nature of the decree originally made, of authorizing that to be done which never would have been directed by any court, and of destroying the estate by enforced inaction and mere lapse of time.

We are of opinion that the rule announced by the supreme court of Florida is the only one which can be enforced without danger of the destruction of estates, and that the legal effect of the supersedeas was to withdraw from the receivers the right to the possession of the property, and vest that right in the party from whom it had been taken. *State* v. *Johnson*, 13 Florida, 33; *Blondheim* v. *Moore*, 11 Md., 365.

By her supersedeas bond, the appellant had furnished full security to her adversaries, for, upon affirmance of the order appointing the receivers, she would have been required to restore the estate to them, in default of which they could have sued on the bond. *Everett* v. *State*, 28 Md., 190.

The present suit is not against the appellees as receivers; no demand is made against them by reason of any thing done by them officially. They are sued as individuals, for a wrong done to appellant after their office had been suspended, and when, as receivers, they had no power to act.

*The judgment is reversed, demurrer overruled and cause remanded.*