STATE OF MINNESOTA ex rel. CHARLES W. BURDIC v. JAMES J. EGAN, District Judge.[1]

Oct. 24, 1895.

Nos. 9770—(266).

**Appeal—Order Appointing Receiver in Foreclosure Suit—Certification of Proceedings.**

An order appointing a receiver in a foreclosure suit pending the action is an appealable order. The office of a bill of exceptions is to bring up for review the rulings of the court on a trial on the merits. But the hearing of a motion for the appointment of such a receiver is not such a trial. However, on an appeal from any appealable order, the appellant is entitled to have the proceedings had on the hearing so returned that they can be reviewed, and, when necessary for that purpose, it is the duty of the judge or court below to make and certify to a proper statement of the proceedings so had before him.

**Hearing of Motion—Oral Evidence.**

On the hearing of a motion (as distinguished from a final trial on the merits) it is discretionary with the court whether or not he will hear it on oral evidence, and he should do so only in exceptional cases.

[a] Reported in 64 N. W. 813.

·Application in the name of the state on the relation of Charles W. Burdic for mandamus to James J. Egan, district judge. Granted.

*Wm. G. White*, for relator.

*Herchmer Johnston*, for respondent.

CANTY, J.   The Farmers National Bank of Owatonna brought an action against Hiram Backus and others in the district court of Ramsey county to have certain deeds absolute¹ on their face, given to secure indebtedness due the bank, declared mortgages, to have the same foreclosed, and a receiver appointed of the mortgaged premises.   On a motion made by the plaintiff the court appointed such receiver pending the action.   The relator here, who is one of the defendants in that action, presented to the judge of the district court in that action what he calls a "bill of exceptions," which he claims recites the proceedings had on the hearing of the motion to appoint a receiver.   The judge refused to sign the bill of exceptions, on the ground that the relator "had no right to propose or present a bill of exceptions in said matter."   Thereupon there was issued by this court an order to show cause why a writ of mandamus should not issue commanding said judge to sign such a case or bill of exceptions as he found to be in accordance with the proceedings had before him.

Several questions were raised on the hearing of which we will now dispose.   The order appealed from is clearly an appealable order, as it is an order granting a provisional remedy, within the meaning of G. S. 1894, § 6140, subd. 2.   But it does not follow from this that the party desiring to appeal is entitled to have allowed a bill of exceptions, properly so called.   The office of a bill of exceptions is to bring up for review the rulings of the court on a trial on the merits.   The hearing of a mere motion, such as this, is not such a trial.   Such hearing is not, as counsel for relator contends, analogous to the hearing of an application for the appointment of a receiver in insolvency proceedings under the insolvency law of 1881.   That hearing is a final trial on the merits, and the order made thereon a final order, not a mere provisional order, to continue only until the decision on the final trial on the merits, as is this order.   But it does not follow from this that the party desiring to

appeal from such a provisional order is not entitled to have certified by the judge or court a proper statement of what actually occurred before him on the hearing of the motion, if the affidavits on file and the recitals in the order as made do not sufficiently show all the proceedings had.   If the order is appealable, it follows that the appellant is entitled to have the proceedings returned so that the order can be properly reviewed.

It is stated in relator's so-called bill of exceptions that on the hearing of the motion the court overruled his objections to affidavits offered by plaintiff, and permitted them to be read, and sustained the plaintiff's objections to affidavits offered by relator, and refused to permit them to be read.   If these statements are true, the court below should so certify.   The mere fact that relator called his proposed statement or certificate by a wrong name is not material.   But there are other facts stated in this so-called bill of exceptions with which the court below need not lumber up his statement or certificate, unless, in his discretion, he sees fit to do so.

The relator claims that on the hearing of the motion he offered oral evidence which the court refused to receive.   It is wholly discretionary with the court whether or not he hears such a motion on oral evidence, and it is only in exceptional cases that he should do so.

This disposes of the case, and a peremptory writ of mandamus should issue, commanding the respondent to certify and return to this court in said appeal a proper statement of the proceedings had before him on the hearing of said motion.   So ordered.