FARMERS NATIONAL BANK OF OWATONNA v. HIRAM BACKUS and Others.[1]

December 3, 1895.

Nos. 9770—(266).

**Appeal from Order Appointing Receiver—Supersedeas.**

When an appeal is taken from an order appointing a receiver pendente lite, and a supersedeas bond is duly executed and filed, in accordance with the provisions of G. S. 1894, § 6142, the power of the receiver is suspended in reference to the order appealed from, and the order remains inoperative pending the appeal. It is the duty of the receiver when the bond is duly executed and filed, and he is duly notified thereof, to restore to the appellant possession of such property as he may have taken from him by virtue of the order.

**Appeal from Interlocutory Order.**

When an appeal with a supersedeas is taken from the interlocutory order, that part of the case which is appealed is completely removed from the jurisdiction of the lower, and wholly transferred to that of the higher or appellate, tribunal.

**Appeal from Order Appointing Receiver—Jurisdiction.**

Upon a return being made to this court on appeal from an order appointing a receiver, it has the inherent power to make such an order as will give effect to the statute supra, under which the supersedeas bond was executed and filed.

Order of this court upon the petition of Charles W. Burdic, defendant and appellant, requiring James A. Owens, receiver, to show cause why

[1] Reported in 65 N. W. 255.

he should not turn over to said defendant the possession of certain real estate and why said defendant should not be granted such other and further relief as to the court might seem meet and proper. Ordered that receiver restore possession to defendant, and account.

*William G. White,* for petitioner.

An appeal removes a case wholly to the appellate court. Elliott, App. Proc. § 541, and cases cited in note 1; Kimberly v. Arms, 40 Fed. 548; Ensminger v. Powers, 108 U. S. 292, 2 Sup. Ct. 643; Thornton v. Mahoney, 24 Cal. 569. If the appeal be from an interlocutory order, that part of the case which is appealed from goes completely to the higher court, and the jurisdiction of the lower court is ousted. Elliott, App. Proc. § 542. See, also, Pierson v. McCahill, 23 Cal. 249; State v. Johnson, 13 Fla. 33. The appellate court will direct the receiver to deliver possession to defendant. Buckley v. George, 71 Miss. 580, 15 South. 46; State v. Johnson, supra; City of Janesville v. Janesville Water Co., 89 Wis. 159, 61 N. W. 770; Northwestern M. L. Ins. Co. v. Park Hotel Co., 37 Wis. 125; Hudson v. Smith, 9 Wis. 122; Levy v. Goldberg, 40 Wis. 308.

*Herchmer Johnston* and *H. F. Stevens,* for respondent.

The court has no jurisdiction in this proceeding. Const. art. 6, § 2; Johnson v. Howard, 25 Minn. 558; Rathbun v. Moody, 4 Minn. 273 (364); G. S. 1894, § 6132. See State v. Burr, 28 Minn. 40, 8 N. W. 899; State v. Whitcomb, 28 Minn. 50, 8 N. W. 902. The effect of filing the appeal bond is merely to stay further proceedings. It has no retroactive effect so as to divest the receiver's authority. Woolfolk v. Bruns, 45 Minn. 96, 47 N. W. 460; 23 Am. & Eng. Enc. Law, 548; Slaughter House Cases, 10 Wall. 273; Whitney v. Mowry, 3 Fisher Cas. N. S. 157, Fed. Cas. No. 17,592; Swing v. Townsend, 24 Oh. St. 1; Matter of Real Estate Associates, 58 Cal. 356; Schenck v. Peay, 1 Dill. 267, Fed. Cas. No. 12,451; Smith v. Allen, 2 E. D. Smith, 259; Stafford v. Union Bank, 16 How. 135; Hutton v. Lockridge, 27 W. Va. 428; Bristow v. Home Bldg. Co., 91 Va. 18, 20 S. E. 946. See First Nat. Bank v. Rogers, 13 Minn. 376 (407); Northwestern Exp. Co. v. Landes, 6 Minn. 400 (564); Cook v. Dickerson, 1 Duer, 679; Burrall v. Vanderbilt, 1 Bosw. 637.

COLLINS, J.[2] Order to show cause why a receiver of certain real property, in possession, should not be required to turn over and deliver such possession to appellant, Burdic, pending the determination of an appeal taken to the court from an order appointing such receiver. The nature of the main action may be seen by reference to State v. Egan, 62 Minn. 280, 64 N. W. 813, in which we held that such order was appealable.

Immediately upon the making and filing of the order in the court below, and before an appeal was taken, the receiver named entered into possession of the premises involved, proceeded to collect the rents, incomes, and profits thereof, as far as possible, and has ever since been in possession and collecting and receiving such rents, incomes, and profits. When taking the appeal, Burdic duly executed a proper and sufficient supersedeas bond, in accordance with the provisions of G. S. 1894, § 6142, which bond was duly approved and filed. The important question now is, was the appellant entitled, upon executing and filing such supersedeas bond, upon taking such appeal, and upon procuring a complete return to be made and filed in this court, to have restitution of the premises, and to be restored to actual possession, including such powers and rights as are incidental to possession? We are satisfied that he was.

The general rule is that, if an appeal with a supersedeas be taken from an interlocutory order, that part of the case which is appealed is completely removed from the jurisdiction of the lower court, and wholly transferred to that of the higher or appellate tribunal. Elliott, App. Proc. § 542; Pierson v. McCahill, 23 Cal. 249. And the statute (section 6142, supra) expressly provides that the effect of the appeal with the bond is to "stay all proceedings" on the order, and to "save all rights affected thereby." This was the legal effect of a supersedeas at common law. The statutory bond stands as indemnity to the party to whom it is given—it stands in place of the action of the receiver—until the matter is heard and disposed of on appeal. The supersedeas does not undo or render nugatory any action of the receiver already had under the order before the appeal was taken and the bond duly filed, but it terminates the right of the lower court and of its officer from further acting in the matter. It suspends the op-

[2] Buck, J., took no part.

eration of the order, or, as has been said, "paralyzes" the arm of the receiver. His authority to proceed is absolutely stayed and suspended by operation of law.

The rights and powers of the receiver being suspended, of which he was duly notified, he should have restored possession of the premises to the appellant; for, his authority to take being inoperative by the suspension, his authority to hold was equally so, both being derived from the same order. The legal effect of the appeal and supersedeas was to withdraw from the receiver the right to the possession of the property, and vest that right in the party from whom it had been taken. State v. Johnson, 13 Fla. 33 (a leading and extremely well-considered case); Buckley v. George, 71 Miss. 580, 15 South. 46; Blondheim v. Moore, 11 Md. 365; Northwestern M. L. Ins. Co. v. Park Hotel Co., 37 Wis. 125; High, Rec. § 190; 20 Am. & Eng. Enc. Law, 110. We have not overlooked the cases cited by counsel for plaintiff. That of Swing v. Townsend, 24 Ohio St. 1, merely decides that the office of certain receivers was not vacated by an appeal,—nothing more. In Matter of Real-Estate Associates, 58 Cal. 356, it was held that, pending an appeal from an order adjudicating a person as insolvent, the functions of the receiver were not suspended, but in that case there was no supersedeas bond filed, simply an ordinary bond on appeal. That of Bristow v. Home Bldg. Co., 91 Va. 78, 20 S. E. 946, seems to have been decided upon the somewhat peculiar circumstances before the court, in a proceeding to punish a receiver for contempt. We do not regard either of these cases as opposed to the doctrine we have adopted.

On the hearing here, it appeared that, after the cause had been certified to this court, appellant moved the court below for the exact relief sought in this proceeding, and that the motion was denied. It is urged that the only way in which this court can obtain jurisdiction of the subject-matter now under consideration is by appeal from the order made below denying the motion. We need not decide whether it was proper for appellant to first proceed in the court below to obtain possession of his property, or whether an appeal will lie to review the order denying the motion. The matter is now here on the original appeal, and this court has thereby acquired full jurisdiction over it. This court has an inherent power to make such an

order as will effectuate the spirit and intent of the statute under which the bond was given, and the cause removed for our consideration. This power may rightfully be exercised to prevent the receiver from pursuing a course which takes away from the supersedeas all of its qualities, renders it a mere idle ceremony, and of no more value than an ordinary appeal bond.

The order of this court is that the receiver restore possession to the appellant pending the appeal, and also that he account and turn over to appellant all sums which have come into his hands as rents, incomes, and profits of said property from the day on which the supersedeas bond was filed in the court below.

CANTY, J. (dissenting). I cannot concur in the foregoing opinion. If the appeal had been taken and the supersedeas bond given before the receiver took possession, it would have prevented his taking possession; but the receiver was in possession about 11 days before the appeal was taken and the bond given. It seems to me that the filing of a supersedeas bond does not have the effect of a writ of restitution issued and executed. It does not ipso facto undo what has been done. If the receiver took possession before the filing of the bond, such filing does not ipso facto oust him of possession, but his possession continues. If he was in full possession before the bond was filed, he continues in full possession afterwards,—not in half possession, emasculated possession, or paralyzed possession, but in the same possession as he was before; and one of the incidents or attributes of that possession is the right to collect the rents. Of course, the order would stay all acts and proceedings which did not consist in exercising the possession, and would therefore prevent the receiver from paying over the rents after he had collected them.

I am also of the opinion that, after the return is filed, this court has the inherent power, in the exercise of its discretion, to issue an order ousting the receiver of possession pending the appeal, if it is of the opinion that the interests of all parties will be best subserved thereby. Any such cast-iron rule as is laid down by the majority in this case is likely in many cases to work hardship and inconvenience, and in the very cases in which a receiver is the most necessary; for instance, in the cases of receivers appointed pendente lite, to take charge of railroads, hotels, newspaper plants, and many other going concerns, in

which the good will of the business is an important asset to be preserved.

In many such instances, instead of making an immediate profit out of his possession, the receiver is compelled to expend large amounts of money in purchasing stock, paying current expenses, etc. But, according to the decision of the majority, the appellant has, for 30 days after the order appointing the receiver, the right and the power to cut off his authority, and oust him on a moment's notice, and to seek the time for doing this which will cause the greatest loss and embarrassment to the receiver, and give the appellant the greatest amount of the fruits of the receiver's labor and expenditure. Then, if the appellant prevails, the receiver will remain ousted, with no way to reimburse himself.

Of course, if the language of the statute required such a construction, it would be a different question, but it does not. The statute says that the filing of such a supersedeas bond "shall stay all proceedings * * * and save all rights." G. S. 1894, § 6142. It is well settled as a general rule that staying all proceedings by a supersedeas bond does not release any levy, restore the possession, or undo anything done in execution of the judgment or order appealed from. Saving all rights simply means that, if the appellant prevails on the appeal, then (but not till then) shall everything which has been done in execution of the order be, as far as possible, undone.