### JOHN STROM v. MONTANA CENTRAL RAILWAY COMPANY.[1]

November 14, 1900.

Nos. 12,289—(84).

#### Examination of Adverse Party—G. S. 1894, § 5659.

G. S. 1894, § 5659, providing for the examination of an adverse party as if under cross-examination, construed, and *held* that it applies to the trial of any civil action involving an issue of fact; also, to any proceeding involving such an issue which the parties, as a matter of right, are entitled to have heard on oral testimony.

[1] Reported in 84 N. W. 46.

**Motion—Oral Testimony.**

A party is not entitled, as a matter of right, to have a motion involving an issue of fact heard on oral testimony, and to call his adversary for cross-examination. Ordinarily such testimony ought not to be received on the hearing of such motion, but the trial court in exceptional cases may, in its discretion, permit the hearing of a motion on oral testimony of witnesses, and permit the examination of an adverse party, under the statute, as if under cross-examination.

**Foreign Corporation—Service of Process—Property in Minnesota.**

G. S. 1894, § 5200, relating to service of process on foreign corporations, construed, and *held* that, where a cause of action against such a corporation arises in another state, the courts of this state cannot acquire jurisdiction of the corporation in such an action unless it has property of some substantial value within the state, which is of a character to justify a reasonable probability that the creditor can secure something from a sale thereof that can be applied as a payment on his demand.

**Same—Evidence.**

Evidence considered, and *held* that it does not sustain the finding of the trial court to the effect that the defendant had such property within this state when the summons was served upon it.

Appeal by defendant from an order of the district court for Ramsey county, Bunn, J., denying a motion to dismiss the action. Reversed.

*W. E. Dodge, Rome G. Brown* and *Charles S. Albert,* for appellant.
*Briggs & Morrison,* for respondent.

START, C. J.

The defendant is a foreign corporation organized and operating a railway line in the state of Montana, and this action was brought against it in the district court of the county of Ramsey, Minnesota, to recover damages for personal injuries alleged to have been sustained in the first-named state by its negligence. The summons and complaint were served on the treasurer of the defendant, who resided in the city of St. Paul, and there kept and maintained his office as such treasurer. Thereupon the defendant appeared specially, and upon the affidavit of its treasurer to the effect that it was a foreign corporation, and its railway was entirely within the state of Montana, and that it owned and possessed no property of any kind whatever in the state of Minnesota, and that the alleged cause

of action arose in the state of Montana, moved the court to dismiss
the action because the court had no jurisdiction over it. The mo-
tion was opposed on counter affidavits by the plaintiff, and further,
on the hearing of the motion, the trial court, on the application of
the plaintiff and over defendant's objection, ordered and directed
that the defendant's treasurer, Mr. Edward Sawyer, appear and
testify orally as to whether the defendant had any property in this
state, to which ruling the defendant duly excepted. Upon such oral
testimony and affidavits the trial court found as a fact that the de-
fendant had property within this state at the time of the service of
the summons upon it, and, from an order denying its motion to dis-
miss, the defendant appealed.

The record presents two questions for our decision. First. Did
the trial court err in its ruling as to the examination of Mr. Sawyer
as a witness on the hearing of the motion? Second. Is its finding
that the defendant had property in this state sustained by the evi-
dence?

1. The first question involves a construction of G. S. 1894, § 5659,
which is in these words:

"A party to the record of any civil action or proceeding, or a
person for whose immediate benefit such action or proceeding is
prosecuted or defended, or the directors, officers, superintendent or
managing agents of any corporation which is a party to the record
in such action or proceeding, may be examined upon the trial thereof
as if under cross-examination at the instance of the adverse party or
parties or any of them, and for that purpose may be compelled in
the same manner and subject to the same rules for examination as
any other witness to testify, but the party calling for such examina-
tion shall not be concluded thereby, but may rebut it by counter
testimony."

The defendant claims that this section authorizes the enforced
appearance of an adverse party to testify as if under cross-examina-
tion only upon the trial of a civil action; hence the trial court erred
in requiring the defendant's treasurer to so testify on the hearing of
the motion. This construction gives no effect to the word "proceed-
ing," as used in this statute. In its most comprehensive sense, the
term "proceeding" includes every step taken in a civil action, except
the pleadings. It is clear that the term is not used in this statute in

this broad sense, and equally clear that it is not used as the synonym of "civil action." The statute is a remedial one, and must be construed with reasonable liberality, and effect given to all of its provisions. Bennett v. Backus L. Co., 77 Minn. 198, 205, 79 N. W. 682. So construing it, we hold that it applies to the trial of any civil action involving an issue of fact; also, to the trial of any proceeding involving such an issue, which the parties are entitled, as a matter of right, to have heard upon the oral testimony of witnesses and other evidence as in ordinary trials.

A party is not entitled, as matter of right, to have a motion involving an issue of fact heard and tried on the oral testimony of witnesses. Ordinarily no oral testimony should be received on the hearing of a motion, but the trial court, in the exercise of a sound discretion, may permit the trial of an issue of fact, involved in a motion, on oral testimony, as if the issue had been raised by the pleadings, or it may on its own motion direct a reference to ascertain and report the facts. State v. Egan, 62 Minn. 280, 64 N. W. 813; G. S. 1894, § 5392, subd. 3; 14 Am. & Eng. Enc. 148. This discretion of the trial court should be exercised only in exceptional cases; for if parties were permitted, as a matter of course, to have every issue of fact in every action tried on oral testimony, and to require the formalities of a final trial of an action on its merits to be observed, it would result in vexatious and burdensome delays, and in many cases in a miscarriage of justice. On the other hand, the power of the court, in its discretion, in exceptional cases, to receive oral testimony on the hearing of a motion, and to require a party who has made an affidavit in the proceeding to appear for cross-examination, is not only wholesome, but in some cases absolutely essential to prevent the circumvention of justice.

It follows that the plaintiff in this case was not entitled, as a matter of right, to have the motion heard on oral testimony, and to call the defendant's treasurer for cross-examination; for it was a matter resting in the sound discretion of the trial court. It is not entirely clear from the record that the trial court permitted the hearing of the motion on oral testimony, and the examination of Mr. Sawyer, in the exercise of its discretion, or as a matter of right. But as the order must be reversed on the merits, it may be con-

ceded that the trial court acted rightly in the premises, in the exercise of a proper discretion.

2. The method and condition of obtaining jurisdiction over a foreign corporation by service of summons upon it are prescribed by G. S. 1894, § 5200, which, so far as here material, is this:

"That the summons or any process in any civil action or proceeding wherein a foreign corporation or association is defendant, which has property within this state, or the cause of action arose therein, may be served by delivering a copy of such summons or process to the president   *   *   *   or any other officer, or to any agent of such corporation."

This section directs that, if the cause of action arises within this state, the summons may be served on the president or other officer or agent of the corporation, whether it has property in the state or not. This provision of the statute is based upon the clearest principles of even-handed justice; for if a foreign corporation comes within this state, and enters into contracts or does acts whereby a cause of action accrues to another, it ought to answer therefor in our courts, upon summons being served on any of its officers who may be found in the state. The reverse of this proposition is equally just; for, if a cause of action against a foreign corporation accrues in the state of its domicile by reason of some contract there made or act there done, the plaintiff ought not, except under special circumstances, to be permitted to force it to litigate the action in this state. But the existence in this state of property belonging to such foreign corporation makes the case an exceptional one, and justice requires in such a case that the plaintiff be permitted to maintain his actions in our courts for the sole purpose of subjecting the property to the payment of his judgment when obtained. Any other rule would permit foreign corporations to defeat the collection of just demands against them, accruing in other states, by placing their property in this state. Therefore this statute also provides, in effect, that, although the cause of action may not have arisen in this state, yet jurisdiction of the foreign corporation may be obtained by our courts over it in such an action by service of the summons on any of its officers or agents who may be found within the state, provided it has property within the state; otherwise, not.

Such being the basis and purpose of the statute, it follows that, in order to give the courts of this state jurisdiction over a foreign corporation in an action against it which accrued in another state, it must have within the state property of some substantial value. No specific quantity of property or value thereof is necessary to confer such jurisdiction, but it must be property of a kind and value to justify a reasonable probability that the creditor can secure something from a sale thereof which can be applied as a payment on his demand. No fiction or artifice will be permitted for the purpose of sustaining the jurisdiction of the court in such a case. While no precise rule applicable to all cases can be laid down, it is apparent· that railway cars in transit through the state would not constitute such property, nor unissued passenger tickets, nor a cash book or similar books. Credits, however, due such corporation from persons or corporations in this state, would be sufficient to confer jurisdiction.

Now, when the defendant in this case established the fact that it was a foreign corporation, and that the cause of action arose in the state of Montana, and denied that it had any property in this state, it made a prima facie case against the jurisdiction of the court, and the burden was then on the plaintiff to show that the case came within the exception; that is, that the defendant had property in the state when the summons was served, within the meaning of the statute as we have construed it. The fact that the matter was peculiarly within the knowledge of the officers of the corporation goes to the degree of proof required of the plaintiff, and not to the burden of proof. We have attentively considered in the light of these suggestions the evidence presented to the trial court on the hearing of the motion, and reached the conclusion that while it justifies a finding that the defendant had some tickets and account books in the state, and some cars in transit through it, at the time the summons was served upon it, yet the evidence is not sufficient to sustain a finding that it then had property in the state, within the meaning of the statute. The evidence suggests the possibility that the defendant then had money in the hands of a corporation of this state, or credits due from such corporation, but it falls short of proof of the fact, and the finding of the trial court that

the defendant did have property within the state is not sustained by the evidence.

Order reversed and case remanded, with direction to the trial court to grant the defendant's motion to dismiss the action.