SAMUEL D. WALTERS v. JENNIE J. WALTERS.[1]

February 3, 1922.

No. 22,614.

**Divorce—vacating default judgment for fraud after remarriage of plaintiff.**
1. To justify vacating and setting aside a default judgment of divorce on the ground of the alleged fraud of the prevailing party in invoking the jurisdiction of the court, subsequent to the entry of which there has been a good faith marriage to an innocent third person, the evidence of the fraud must be clear and convincing; mere preponderance is insufficient.

**Scrutiny of testimony necessary to protect innocent third persons.**
2. In such case the interests of the innocent third person and the probable birth of a child or children require close scrutiny of the evidence offered in support of the application.

**Court may require motion to be supported by oral testimony in open court.**
3. Where the application is in the form of a motion supported by affidavits, the court, in the exercise of its discretion and to insure a full and fair hearing, has authority to require the submission of the issues presented upon the oral evidence of the parties and their witnesses, given before the court as on the trial of other like issues.

**Rule applied to instant case.**
4. In a case of the importance of the one at bar, that would seem an appropriate course to pursue.

**Supporting affidavits insufficient.**
5. The affidavits presented in this case in support of the charge of fraud are *held* insufficient to establish the same, within the rule stated, and there was error in vacating the judgment.

[1]Reported in 186 N. W. 693.

Action in the district court for Rice county for absolute divorce. From an order, Childress, J., granting defendant's motion to open and vacate a judgment of divorce and permitting defendant to serve and file her answer, plaintiff appealed. Reversed.

*M. W. Brewster* and *Albert R. Allen,* for appellant.

*E. H. Gipson,* for respondent.


BROWN, C. J.

Appeal from an order vacating a judgment of divorce and granting to defendant the right to answer and defend in the action.

It appears that the parties were married in 1893, living for the greater part of their married life in Iowa and Illinois. Plaintiff's occupation has been chiefly that of a laborer, and he has not accumulated any considerable property; no property rights are involved in the action. Differences arose between the parties which, being aggravated and enlarged by time, finally resulted in a separation in 1918, each laying the blame or the cause thereof upon the other. The parties were then residing in Rockford, in the state of Illinois; the wife continued to reside there and in other towns in the state of Iowa where she had relatives and friends. Plaintiff, following his occupation of dredging, came to this state in charge of a dredging crew as foreman. He brought this action for divorce in May, 1920, in the county of his then residence, and charged in his complaint as the ground thereof the desertion by defendant for more than a year preceding the commencement of the suit. Service of the summons was had by publication on a showing by affidavit of plaintiff that defendant was not a resident of this state and that her whereabouts was to him unknown. Default judgment was regularly entered on order of the court, after hearing the evidence of plaintiff, on August 10, 1920. Defendant had notice of the judgment in January, 1921, but her motion to vacate the same was not made until April 20 following. In the meantime, in February, 1921, plaintiff remarried, and is now living with his new wife. So far as appears the marriage was entered into in good faith and in the belief that, by the judgment dissolving the marriage with defendant, plaintiff was authorized to enter into the new relation.

The motion to vacate the judgment states no grounds thereof, as required by the district court practice, and was submitted upon affidavits of the parties, and of others in corroboration, of each. The court made a general order granting the motion, but there was no finding of facts upon which it was predicated. The order is challenged by the appeal as not justified by the facts disclosed by the record.

1. In actions for divorce in which default judgment dissolving the marriage is awarded to either party, and the one so procuring that relief subsequently enters into new marriage relations, no relief can be had from the judgment under the mistakes and amendment statute. The judgment where the antecedent proceedings are regular is final. G. S. 1913, §§ 7739 and 7786. But, where the jurisdiction of the court is invoked by the fraud of the prevailing party, relief may be had as in other actions, and the new marriage status constitutes no bar. True v. True, 6 Minn. 315 (458); Bomsta v. Johnson, 38 Minn. 230, 36 N. W. 341; Kriha v. Kartak, 127 Minn. 406, 149 N. W. 666; Brockman v. Brockman, 133 Minn. 148, 157 N. W. 1086. Yet, to entitle the complaining party to such relief, the fraud must be made clearly to appear; a mere preponderance in proof is not sufficient. The evidence must be as clear and convincing as in other actions where like relief is sought, whether applied for by action under G. S. 1913, § 7910, or by motion based on affidavits. Black, Judg. § 351; Wann v. N. W. Trust Co. 120 Minn. 493, 139 N. W. 1061. The reasons for the rule are obvious. The state is interested in the controversy, in protection of the second wife, when innocent of wrong in the matter, and in the protection of possible issue following the second marriage, and in preventing attacks on the judgment for purely malicious motives. The rule should particularly apply and be strictly enforced when, as in the case at bar, no property rights or interests of minor children are involved; the parties had but one child, and she has grown to womanhood and is married.

2. In the light of the rule we have read the affidavits submitted upon this application with special care, and find them insufficient to justify the order vacating the judgment. The affidavits made by

the parties contain much of immaterial matter, of charges and countercharges in attempts to lay the blame for the disruption of their family ties upon each other, indicating to an extent a desire on the part of defendant to disturb the new relations formed by plaintiff so far as that result might be attained, without hoping for results beneficial to her, and on the part of plaintiff such state of mind toward defendant as to justify the conclusion that a reconciliation of past differences is impossible, at least not remotely hopeful or probable. Very little affection remains for each other, and no property rights or interests are at stake. We think on the showing made the motion should have been denied. The suggestion or statement in one of the affidavits made by defendant that the second wife was in collusion with plaintiff in the procurement of the divorce, finds no sufficient corroboration in any of the other affidavits.

3. The motion was submitted on affidavits, prepared by counsel for the respective parties and with a view of presenting the side of the controversy each represented in the most favorable light, consistent of course with what the parties stated the facts to be. The learned trial judge, as disclosed by the memorandum attached to the order, recognized and appreciated that this method of presenting so important a question is very unsatisfactory, and often likely to lead to erroneous conclusions, though due caution be taken to reach the truth. We concur in that view of the matter, and take occasion to call attention to the fact that the court may, in its discretion, require the parties to submit the issue presented by motions of this and others of like nature upon the oral testimony of the parties and their witnesses, or such thereof as the court may designate, given before the court as on the trial of an action, thus subjecting them to the usual method of examination and cross-examination. 2 Dunnell Minn. Dig. § 6499; Ziegler v. Suggit, 118 Minn. 74, 136 N. W. 411. The rule is not however one of general application, Strom v. Montana Central R. Co. 81 Minn. 346, 84 N. W. 46, but would seem an appropriate procedure in a case involving such important considerations as that at bar, which may be classed as an exception to the general rule stated in the case just cited.

For the insufficiency of the affidavits to establish the fraud relied on in support of the motion to vacate the judgment, the order appealed from must be and is reversed.

It is so ordered.