STATE EX REL. W. L. PERKINS v. DISTRICT COURT OF STEELE
COUNTY AND OTHERS.[1]

April 20, 1923.

No. 23,538.

**Change of venue—conflicting affidavits—review of issue of fact.**

Decision of issue of fact by trial court on conflicting affidavits will not be
reversed by supreme court. [Reporter.]

Upon the application of W. L. Perkins, the supreme court granted its
alternative writ of mandamus directed to the district court for Steele county,
Honorable Fred W. Senn, judge thereof, and the clerk of said court, direct-
ing them to remand the case of W. L. Perkins, plaintiff, against The
Clifton Company, defendant, and transmit the files and records therein to
the clerk of the district court for Ramsey county. Order affirmed.

*O'Brien, Stone, Horn & Stringer,* for relator.

*Sawyer & Gausewitz,* for respondents.

PER CURIAM.

Action was brought in Ramsey county against defendant, a corporation
having its principal place of business in Steele county. On affidavit stating
that defendant was a resident of Steele county, the venue was changed to
that county. Application was made in Steele county to remand the case
to Ramsey county for trial. The trial court denied the application. Plain-
tiff brings mandamus to compel a remand. The right to a writ of man-
damus depends on the question whether defendant had "an office, resident
agent or business place" in Ramsey county within the meaning of section
7721, G. S. 1913. In our opinion this was, on the showing made, a ques-
tion of fact. The trial court decided this question of fact adversely to
plaintiff. There is conflict in the affidavits and the decision of the trial
court must be sustained.

Order affirmed.

[1]Reported in 193 N. W. 169.