GRACE M. E. GUNDERSON v. GUNDER B. GUNDERSON
AND OTHERS.[1]

May 15, 1925.

No. 24,319.

**Modification of alimony decree after death of husband.**

1. A judgment in a divorce action awarding alimony against the husband, to continue during the life of the wife though her husband should predecease her, and charged as a lien upon his property, may be modified in a proper case upon the application of his heirs after his death.

**Heirs bound by their consent to hearing upon affidavits.**

2. The application of the heirs was made and heard upon affidavits without objection, and they cannot now complain of the method of submission.

[1]Reported in 203 N. W. 786.

**Decree should have been modified.**

3. Upon the facts stated in the opinion there was such a change of conditions that the decree should have been modified.

1. See Divorce, 19 C. J. p. 271, § 617 (1926 Anno).
2. See Divorce, 19 C. J. p. 330, § 767 (1926 Anno).
3. See Divorce, 19 C. J. p. 275, § 622.

The administrators of the estate of Gunder B. Gunderson, and his children by his first and second marriages, moved the district court for Hennepin county for an order altering the decree in an action for divorce between the intestate and his third wife which gave her alimony of $300 per month. The motion was heard and denied by Salmon, J., who also denied their subsequent motion for rehearing and reargument of the motion, to allow additional evidence to be produced or that the court make findings based upon and in accordance with the evidence. From the two orders mentioned, the "additional defendants" appealed. Reversed.

*Adolph E. L. Johnson* and *Alvord C. Egelston,* for appellants.
*Allen & Fletcher* and *Franklin Petri,* for respondent.

DIBELL, J.

The plaintiff and Gunder B. Gunderson, now deceased, were married on December 29, 1915. They were divorced on August 12, 1920. The defendants, who style themselves additional defendants and applied in the divorce action for a modification of the decree as to alimony, are the children of Gunderson by former marriages. They appeal from the order of the court denying their application.

1. At the argument doubt was expressed whether a judgment awarding alimony against a defendant husband, continuing during the life of his wife though he should predecease her, and charged as a lien upon specific property to secure its payment, could be modified after his death on the application of his heirs. Careful consideration leads us to the view that there may be a modification in a proper case. Our statute is liberal in permitting a revision. G. S. 1923, § 8603; G. S. 1913, § 7129. It is much like that of

Michigan. There the right to modify, after the death of the hus-band, is in effect held. Pingree v. Pingree, 170 Mich. 36, 135 N. W. 923, and cases cited.

2. The application for a modification was made and heard on af-fidavits. No one objected. The moving parties complain of this mode of submission. They adopted it and cannot object to its propriety now. Laff v. Laff, 161 Minn. 122, 200 N. W. 936. If they had asked to adduce evidence in the usual way doubtless it would have been heard, if not of right, in the exercise of a sound discretion. In a case involving so difficult questions of fact, and such considerable sums of money, no satisfactory hearing can be had on affidavits.

3. Under the decree the plaintiff received the homestead, which had been deeded her pursuant to an antenuptial contract. She has sold portions of it for $6,000. The city took a part for streets for which she received $3,300. That remaining is worth $25,000. She received household furniture and effects of the value of $8,000. She was given alimony from July 1, 1920, of $300 per month, during her life, or until otherwise ordered by the court. The allowance was made a specific lien upon property in Minneapolis. In the divorce action the court found the value of Gunderson's property to be $280,000. By the antenuptial agreement the plaintiff was to have, in addition to the home which he was to provide for her, one-sixth of the net amount of his estate at his death, and the allowance made by the court, on the valuation found, was approximately on this basis.

Gunderson died on December. 23, 1920, leaving five children, the youngest, Dea, a daughter, now aged 12 years. The others were of age at his death. After the death of Gunderson it was found that his estate was much less in value than it was determined to be in the divorce action. There was evident overvaluation if we take the affidavits as our guide. Gunderson's business, without himself at the head of it, was not of much value. The children each re-ceived or will receive something like $15,000 or $16,000, perhaps more and possibly less, from the estate and from insurance on the decedent's life.

The contrast between the financial condition of the widow and the children is marked. It is especially marked when consideration is had of the minor child and the other daughter. There is very ample provision for the plaintiff. She passed out of the lives of the children upon the divorce, and in the years intervening has had much more than is necessary for her reasonable comfort, and will have in all the years to come if the decree remains unchanged. She has very much more than if she had taken under the antenuptial agreement; the children much less. There has been such a change in conditions that there should be a modification of the provisions of the decree relative to alimony. The modification may not be much. Another hearing will make the situation clearer. In holding as we do we take the facts as given by the affidavits. A different showing may be made by the evidence.

The writer is not of the view that under the showing a modification is required as a matter of law, and to that extent he dissents. His opinion is that the result reached was fairly within the discretion and judgment of the trial judge on the showing made; that we cannot say as a matter of law that it was wrong, and that there should be an affirmance.

Reversed.