## IDA B. HALPER v. PHILIP A. HALPER.[1]

March 14, 1930.

Nos. 27,667, 27,890.

*Kerr, Nelson, Burns & Mohan,* for appellant.
*McMeekin & Quinn* and *Samuel Lipschultz,* for respondent.

DIBELL, J.

The defendant appeals from an order and judgment vacating a stipulation for a modification of the amount of alimony to be paid in the future and the amendment of the judgment accordingly and reinstating the former judgment.

On April 2, 1928, judgment for divorce with $40 per month alimony was entered for the plaintiff. On March 29, 1929, the parties entered into a stipulation whereby plaintiff agreed to take $400 in lieu of alimony to accrue in the future, and the judgment of divorce was amended accordingly. On May 4, 1929, the plaintiff moved on affidavits to vacate the stipulation and amended judgment and reinstate the original judgment. An order granting the motion was

[1]Reported in 229 N. W. 791.

made, and the original judgment was reinstated. The defendant appeals.

■ The plaintiff presented upon affidavits her motion for the relief asked. The defendant met her case with affidavits. He now claims that by the stipulation he obtained a property right and that he cannot be deprived of it or of the judgment entered except by action.

We do not stop to inquire whether the stipulation or the judgment entered pursuant to it could be vacated against objection on motion. See Warren v. Warren, 116 Minn. 458, 133 N. W. 1009. The plaintiff tendered a hearing on affidavits and the defendant accepted it. Neither objected. They are bound by the result. Gunderson v. Gunderson, 163 Minn. 236, 203 N. W. 786; Laff v. Laff, 161 Minn. 122, 200 N. W. 936. There was an inquiry by the defendant whether the court was making the determination, which he announced from the bench, without further hearing, and an affirmative response was given. There was no further suggestion. The case is within the rule of the two cases cited.

■ The trial court found that on the evening of March 27, 1929, the defendant telephoned the plaintiff and requested an interview, which was granted and had at her home; that he made a strong appeal to her because of his physical and financial condition; that he represented that his health had been ruined worrying about the alimony payments; that he was giving up his private practice because of his condition; that he was leaving his apartment at his hotel; that he was giving up his automobile because he could not afford to run it; that he represented that he was still interested in the plaintiff and intimated that their acquaintanceship and friendship might continue; and that he unduly influenced the plaintiff and induced her to enter into the stipulation.

The plaintiff was not represented by counsel. A former attorney of the defendant drew the papers. No blame attaches to him. He was then out of general practice and did not represent the defendant adversely to the plaintiff. The plaintiff proceeded blindly, without guidance, soon after the interview with the defendant, which left her in no condition for negotiation, and signed the stipulation.

490

The court hearing the motion tried the divorce case. He was in a better position than we are to appreciate the testimony. And while the evidence was in dispute the impression we get from it accords with the trial court's view that the defendant unduly overreached the plaintiff, who still had affection for him. The stipulation and judgment were rightly vacated.

Order and judgment affirmed.