## BARBARA MEDDICK v. HARRY E. MEDDICK.[1]

December 9, 1938.

No. 31,898.

*Doane & Hengel,* for appellant.

There was no brief filed or appearance made on behalf of respondent in this court.

PETERSON, JUSTICE.

This action is for divorce. Defendant moved to set aside the service of the summons and to dismiss the action. In the notice of motion he stated that his appearance was special. The grounds of the motion were that the court did not have jurisdiction to grant a divorce because the plaintiff had not resided in the state at least one year next preceding the filing of the complaint as required by 2 Mason Minn. St. 1927, § 8586. The summons was served personally on the defendant within the state. The subject matter is within the jurisdiction of the court. Plaintiff alleged in the complaint, which she verified, that she had the requisite one-year residence in

[1]Reported in 282 N. W. 676.

the state. The motion to dismiss was heard on the complaint, three affidavits offered by defendant, and plaintiff's oral testimony at the hearing. The affidavits offered by defendant were by himself and two other persons and controverted the allegation of plaintiff's residence made in the complaint. There is no settled case, but it appears that plaintiff testified orally at the hearing. One of defendant's attorneys was present, but they state in the brief that he did not participate in the examination of plaintiff. The order denying the motion recites that it appeared to the satisfaction of the court from the evidence adduced that plaintiff had been a resident of the state of Minnesota the required year.

No point has been raised, and we do not decide, whether defendant's appearance was special, and, if so, whether it was converted into a general appearance (see Davis v. Davis, 305 U. S. 32, 59 S. Ct. 3, 83 L. ed. —) or whether the complaint may be attacked by motion of this kind (see Long v. Mutual Trust L. Ins. Co. 191 Minn. 163, 253 N. W. 762) or whether a hearing of this kind in advance of trial to determine domicile may be had.

Assignments of error raise the points that it was error to receive the oral testimony of plaintiff upon the hearing of the motion and that the evidence does not justify the finding that plaintiff was a resident of the state for the required year.

It is permissible in the sound discretion of the court to receive oral testimony upon the hearing of a motion. 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 6499; Lindbloom v. Lindbloom, 180 Minn. 33, 230 N. W. 117; Gunderson v. Gunderson, 163 Minn. 236, 203 N. W. 786. In some cases oral testimony may furnish a needed aid in determining the facts. Walters v. Walters, 151 Minn. 300, 186 N. W. 693. No abuse of discretion has been pointed out here.

Since there is no settled case, we must assume that there was evidence to sustain the lower court's determination that plaintiff was a resident of the state of Minnesota for the required year. Presumably it was such, when considered with the verified complaint, as to outweigh the three affidavits which defendant presented to controvert the allegation of the complaint as to residence. A

trial court's determination upon a motion, of a question of fact upon conflicting evidence, oral or written, will not be reversed on appeal unless it is palpably contrary to the evidence. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 410; Kueffner v. Gottfried, 154 Minn. 70, 191 N. W. 271; State ex rel. Perkins v. District Court, 155 Minn. 505, 193 N. W. 169; Lincoln Nat. L. Ins. Co. v. Brack, 196 Minn. 433, 265 N. W. 290. We are unable to say that the finding of residence is not sustained by the evidence.

Affirmed.