## OLIVE M. WILLIAMS (NOW GOODING) v. ARTHUR FREDERICK WILLIAMS.[1]

June 4, 1948.

No. 34,675.

[1] Reported in 32 N. W. (2d) 862.

*John P. Good* and *Ralph S. Parker,* for appellant.

*L. E. Brophey,* for respondent.

THOMAS GALLAGHER, JUSTICE.

On February 2, 1938, judgment was entered in the above entitled matter, a divorce proceeding, which required defendant to pay five dollars a week for the support of the minor child of the parties. Subsequently, on defendant's motion, the trial court made its order reducing the payments required to $20 per month and relieving defendant from all unpaid installments due under such judgment.

An appeal was taken from the latter order (Williams v. Williams, 221 Minn. 441, 22 N. W. [2d] 212, decided March 29, 1946), as a result of which the order of the trial court was reversed on the ground that no showing of change in circumstances had been made by defendant to justify modification of the original order.

Thereafter, on October 31, 1947, defendant again moved to have the delinquent payments forgiven and the weekly payments reduced. In support of such motion, he filed an affidavit setting forth facts with relation to his financial circumstances. The trial court denied his motion, and from its order this appeal is taken.

On appeal, the only question presented is whether defendant has made such a showing by the affidavit filed in support of his motion for modification of the original order that the trial court abused its discretion in denying his motion.

We do not feel that the record presented indicates that the trial court has abused its discretion. The affidavit filed by defendant in support of his motion set forth his total income and expenses from May 1, 1946, to May 1, 1947. It showed that his net income for such period was approximately $1,803.49, and that his expenses, including the five-dollar weekly payment required for the child and the repayment of a personal loan of $250, equaled $1,815.57. There was no statement showing his income and expenses for the year 1937-1938, which formed the basis of the trial court's original order and judgment, although the affidavit referred to affirmed that he was "earning approximately the same salary and wage that he was earning

in 1938." Accordingly, there was nothing definite before the court to indicate that defendant's financial position had changed so materially as to compel a modification of its original judgment. Hence, we hold that the trial court did not abuse its discretion in denying defendant's motion for such modification.

So far as the arrearage is concerned, defendant may properly apply to the trial court for some plan to take care of paying this on a monthly basis, so that the danger of garnishment will be eliminated.

Affirmed.

MR. JUSTICE KNUTSON, not having been a member of this court at the time of the argument, took no part in the consideration or decision of this case.

