## JEROME P. SATURNINI v. IRENE J. SATURNINI.

110 N. W. (2d) 480.

July 28, 1961—No. 38,170.

*Mogren & Lindholm,* for appellant.
*Nahurski & Cyptar* and *Robert P. Tolaas,* for respondent.

DELL, CHIEF JUSTICE.

This is an appeal from an order modifying the judgment and decree of divorce by increasing the allowance of permanent support and maintenance for the minor children of the parties.

Under the judgment and decree of divorce entered on March 14, 1949, plaintiff, in accordance with a stipulation executed by the parties and adopted by the court, was ordered to pay to the defendant the sum of $5 per week for the support and maintenance of each of the three minor children of the parties. On December 26, 1959, plaintiff was served with a notice of motion, motion, order to show cause, and

affidavit, by which the defendant sought, among other things, to increase the allowance of support to $25 a week for each of the minor children. The affidavit executed by the defendant alleged that she entered into the foregoing stipulation in ignorance and without the advice of counsel; that while the plaintiff had only been working spasmodically at the time the stipulation was entered into and the divorce granted, he was now regularly employed and earning in excess of $500 per month; and that the living expenses of the defendant and the children had changed substantially since the original award of child support. The affidavit also set forth an itemization of the monthly expenses of the defendant and the children totaling $445.

The hearing on the motion for modification was held on May 19, 1960, the defendant appearing in person and by her attorney and the plaintiff by his attorney only. According to the settled case[1] the court, upon examination of the defendant's moving papers, inquired of plaintiff's counsel whether there was any affidavit to be offered in opposition to the defendant's motion and supporting affidavit. The court was advised that there was none, but plaintiff's attorney requested on two occasions that he be permitted to examine the defendant as to the competency of her affidavit. The requests were denied on the ground that no responsive affidavit had been filed. The court thereupon increased the child support allowances to $25 per week for each of the children then in the defendant's custody.

■ Plaintiff contends that the motion for modification of child support allowances could not, in the absence of waiver, be determined solely upon the defendant's affidavit and that he was entitled to the right of cross-examination.

Although made under oath, an affidavit is ordinarily not considered competent evidence because of the lack of opportunity to cross-examine the affiant. In some limited situations, however, affidavits have been allowed in evidence where the danger inherent in permitting the establishment of facts by hearsay is deemed negligible or substantially outweighed by the necessity for expeditious procedure.[2] For example,

---

[1]There was no reporter present at the hearing.

[2]6 Wigmore, Evidence (3 ed.) §§ 1709, 1710.

it has long been the rule that in determining preliminary motions or motions made during the course of trial, oral testimony should not normally be received.[3] In any event, the use of oral testimony upon the hearing of a motion has been said to be discretionary with the trial court and not a matter of right.[4] As pointed out in Strom v. Montana Cent. Ry. Co. 81 Minn. 346, 349, 84 N. W. 46, 47:

"A party is not entitled, as matter of right, to have a motion involving an issue of fact heard and tried on the oral testimony of witnesses. Ordinarily no oral testimony should be received on the hearing of a motion, but the trial court, in the exercise of a sound discretion, may permit the trial of an issue of fact, involved in a motion, on oral testimony, as if the issue had been raised by the pleadings, or it may on its own motion direct a reference to ascertain and report the facts. State v. Egan, 62 Minn. 280, 64 N. W. 813; G. S. 1894, § 5392, subd. 3; 14 Am. & Eng. Enc. 148. This discretion of the trial court should be exercised only in exceptional cases; for if parties were permitted, as a matter of course, to have every issue of fact in every action tried on oral testimony, and to require the formalities of a final trial of an action on its merits to be observed, it would result in vexatious and burdensome delays, and in many cases in a miscarriage of justice. On the other hand, the power of the court, in its discretion, in exceptional cases, to receive oral testimony on the hearing of a motion, and to require a party who has made an affidavit in the proceeding to appear for cross-examination, is not only wholesome, but in some cases absolutely essential to prevent the circumvention of justice."

This practice was embodied in Rule 43.05 of the Rules of Civil Procedure, which provides:

"When a motion is based on facts not appearing of record, the

---

[3]See, Strom v. Montana Cent. Ry. Co. 81 Minn. 346, 84 N. W. 46; 12 Dunnell, Dig. (3 ed.) § 6499. See, also, McKey v. McKey, 228 Minn. 28, 36 N. W. (2d) 17; Williams v. Williams, 226 Minn. 365, 32 N. W. (2d) 862.

[4]Meddick v. Meddick, 204 Minn. 113, 282 N. W. 676.

court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

Taken literally, Rule 43.05 authorizes the court, in its discretion, to decide any motion solely upon affidavit, including proceedings to modify support or custody provisions set forth in divorce decrees.[5] We have, however, held, at least by implication, that the rule does not permit such a broad construction. In Thompson v. Thompson, 238 Minn. 41, 47, 55 N. W. (2d) 329, 332, we held that the failure of the trial court to take oral testimony on a motion to change the custody of minor children was not only an abuse of discretion but deprived the litigants of an absolute right, stating:

"* * * If, in the trial of an action for divorce, the fitness of a parent to have custody of minor children is in issue, no one would contend that such parent could be deprived of the right to cross-examine the witnesses upon whose testimony the court was to base its findings. It is difficult to see why a parent should be deprived of the same right, where the same question is at issue, on a motion to change the custody after the entry of the original divorce decree."[6]

In Stefonick v. Stefonick, 118 Mont. 528, 167 P. (2d) 867, which involved a petition for attorney's fees and costs on appeal, the court held that despite a statute authorizing the use of affidavits "upon a motion," proof of facts could never be made, over objection, by an ex parte affidavit where a contest was involved and the effect of an adverse order was tantamount to a money judgment. The case, however, rests upon dubious authority[7] and, in any event, is not persuasive here.

---

[5]Minn. St. 518.18, 518.64, provide that modification of orders involving custody, support, or alimony shall be instituted on the "petition" of either party. As a practical matter the proceedings are often initiated, as in the instant case, by means of a motion, which, for the purposes here involved, is the equivalent of a petition.

[6]See, also, Stoll v. Stoll, 243 Minn. 510, 68 N. W. (2d) 367.

[7]The court relied heavily upon Pavaroff v. Pavaroff (Cal. App.) 130 P. (2d) 212. In that case the California Supreme Court granted a hearing,

498

Due process requires that the hearing be fair, practicable, and reasonable.[8] Where change of custody of minor children is involved it is usually incumbent upon the court to determine the fitness or lack of fitness of a parent. In contested cases it is difficult to see how such a determination could properly be made by relying solely upon affidavits.[9] Modification of support payments, on the other hand, generally requires only a showing of change in either need on the one side or ability to pay on the other. In most situations these determinations can fairly be made without taking oral testimony. Where the facts are complicated or the affidavits so conflicting as to render cross-examination essential, then the desirability of expeditious procedure must give way to a more formal hearing.[10] But if either of the parties in each instance could require, as a matter of right, that the other be subjected to cross-examination and oral testimony introduced, the short and speedy remedy contemplated by the statute would be of little value and could seldom be used.

For these reasons we are of the opinion that the rule of the Thompson case should not be extended as a matter of right to proceedings in which the proposed modification relates solely to alimony or support payments. It should be noted, however, that the discretion of the trial court must be cautiously exercised so as to afford a fair hearing under the particular circumstances of each case.

■ In the light of plaintiff's failure to submit a responsive affidavit, as we hold he was required to do, the trial court did not abuse its discretion in denying his request to cross-examine the defendant on the contents of her affidavit. Detailed evidence of the plaintiff's ability to pay was available only from the plaintiff. If he wanted to disprove the defendant's estimate of his present ability to pay, he should

but the appeal was subsequently dismissed by stipulation rendering the decision of the lower court ineffectual and it was never officially reported. Subsequent California decisions appear contrary to the Stefonick case. See, e. g., Muller v. Muller, 141 Cal. App. (2d) 722, 297 P. (2d) 789.

[8]See, 3 Dunnell, Dig. (3 ed.) § 1641.

[9]See, e. g., Camp v. Camp, 213 Ga. 65, 97 S. E. (2d) 125.

[10]See, Gunderson v. Gunderson, 163 Minn. 236, 203 N. W. 786; Walters v. Walters, 151 Minn. 300, 186 N. W. 693.

have submitted an affidavit setting forth the facts as he claimed them to be. If a conflict had then been created, additional testimony by way of cross-examination might well have been in order.

■ We must also conclude that defendant's affidavit, although perhaps not as detailed as it could have been on the issue of plaintiff's increased ability to pay support, was, under all of the circumstances before us, sufficient to sustain the order of the trial court increasing the amount of child support.

Attorney fees are allowed respondent in the sum of $200. Affirmed.