**In re the Marriage of Sherrie L. THOMPSON, Petitioner, Appellant,**

v.

**Jeffrey D. THOMPSON, Respondent.**

**No. C7–84–778.**

Court of Appeals of Minnesota.

Dec. 18, 1984.

Richard J. Cohen, Minneapolis, for appellant.

Jeffrey D. Thompson, pro se.

Considered and decided by RANDALL, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant wife appeals from an order disbursing the proceeds of the sale of the parties' homestead, pursuant to a dissolution decree. We reverse and remand for hearing.

## FACTS

The parties' dissolution decree granted wife possession of the homestead, with a lien in favor of respondent husband. Later there were difficulties in selling the home to satisfy the lien. The parties returned to court for assistance, and husband received possession of the homestead. On June 16, 1983, the court issued an order specifying how the homestead sale should occur. The order stated that the proceeds would be held in escrow "until the Court has entered an order determining the amount of proceeds due each of the parties." Husband was to submit an affidavit setting forth the income and expenses from the sale. Wife was to respond within seven days.

The sale of the homestead closed on March 16, 1984. Husband served his affidavit by mail on March 21. Wife's counsel did not receive it in his office until March 29. Wife's counsel is a member of the Minnesota State House of Representatives, which was in session at that time. On April 3, 1984, the trial court issued an order disbursing the proceeds. Wife had not contacted the court with a response.

## ISSUE

Whether the trial court properly issued an order disbursing proceeds from sale of a homestead without an opportunity for appellant to be heard?

## ANALYSIS

The following paragraphs of the trial court's order of June 16, 1983, are pertinent to the issues now before this court:

6. That the issue of reimbursement to the respondent for expenses incurred since the due date of the lien on said homestead shall be reserved for determination when said homestead is sold.

7. That upon the sale of said homestead, the respondent shall submit to the

Court an affidavit form with an accounting of income received from rent of said homestead and of all expenses incurred in maintaining said homestead since the due date of the respondent's lien, including taxes and insurance. A copy of said affidavit shall be served upon the petitioner and the petitioner shall have 7 days to respond.

8. That upon the sale of said homestead, the proceeds shall be held in escrow by the realtor closing said sale, and the proceeds shall not be disbursed until the Court has entered an order determining the amount of proceeds due each of the parties.

While a more explicit recital of anticipated future activity would have been preferable, there can be no doubt but what the court was required by the terms of its June 16 order to issue a subsequent order authorizing distribution of the homestead sale proceeds. It did so on the basis of husband's affidavit alone. In so doing, the trial court erred.

Paragraph seven of the approved statement of the proceedings filed with this court and signed by the trial judge notes that "the Court decided to reserve final determination of the division of the proceeds from the sale of the homestead until after the homestead had been sold," pending a review of the final accounting. Husband submitted the final accounting. A motion should then have been made requesting the court to order disbursement of the funds in a specific amount to each party. Applications to the court for an order require a hearing before the order can be issued. Minn.R.Civ.P. 7.02(1). No hearing was held. While parties may waive oral argument on a motion, there is no express waiver of argument in the June 16, 1983, order. Wife is entitled to an opportunity to be heard on husband's request for disbursal of the escrowed funds.

In consideration of our holding that a hearing was necessary to properly execute the provisions of the court's order of June 16, we do not address wife's attorney's argument that under Minn.Stat. § 3.16 (1982), it was error for the court to issue its order during a legislative session.

## DECISION

The trial court improperly issued an order dividing homestead sale proceeds without opportunity for hearing at which both parties could present their positions.

Reversed and remanded.