**In re the Marriage of Sherrie L.
THOMPSON, Petitioner,
Appellant,**

v.

**Jeffrey D. THOMPSON, Respondent.**

**No. C6–85–1897.**

Court of Appeals of Minnesota.

April 1, 1986.

Richard J. Cohen, Minneapolis, for appellant.

Stephen Delano, Winona, for respondent.

Considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Sherrie Lynn Thompson appeals from an order denying reapportionment of escrow proceeds from the sale of a homestead pursuant to a dissolution decree. She contends the reapportionment would be a clarification of the property division and argues the trial court should have permitted her to present witnesses at the motion hearing. She is also requesting spousal maintenance. We affirm.

## FACTS

Sherrie Lynn and Jeffrey Thompson were divorced in January 1981. Appellant was awarded the parties' homestead, subject to respondent's $12,000 lien. The lien was to be paid on January 2, 1983 or sooner if the house were sold. Appellant did not pay the lien by the due date. Respondent obtained a court order giving him possession of the home to curtail further deterioration and protect his lien.

The order detailed the procedure for the sale and the method of disbursement. It provided that the proceeds be held in escrow "until the Court has entered an order determining the amount of proceeds due each of the parties." Respondent was to submit an affidavit detailing income and expenses from the sale. Appellant was to reply within seven days.

The sale closed on March 16, 1984. The house sold for $46,000. The sale price was $5,500 less than the stipulated appraised value of the property. Jeffrey served his affidavit by mail on March 21, but his wife's counsel did not receive it at his office until March 29. On April 3, 1984 the trial court issued an order disbursing the proceeds even though Sherrie Lynn had not responded. She appealed the disbursement order.

In *Thompson v. Thompson*, 359 N.W.2d 311 (Minn.Ct.App.1984), this court reversed the April 3 order disbursing the proceeds from the sale of the homestead because both parties did not have the opportunity to be heard on the division of the proceeds.

On remand the trial court denied appellant's motion for reapportionment of the sale proceeds on August 13, 1985.

The hearing took place on March 8, 1985 and consisted of an off-the-record discussion in chambers between the judge and the two attorneys. They agreed to submit briefs on the issue of the court's jurisdiction to consider the issues raised by appellant. Respondent served his brief opposing Sherrie Lynn's motion for reapportionment on May 20, 1985. Although appellant agreed to file her brief 30 days after receipt of respondent's, it was not served until August 21, 1985; eight days after the court's order denying her motion. Appellant moved for reconsideration of the August 13 order which the trial court denied on September 10, 1985.

## ISSUES

1. Did the trial court err in denying appellant's motion to reapportion escrow proceeds from the sale of the parties' homestead?

2. Did the trial court err by not permitting appellant to present witnesses at the March 8 motion hearing?

3. May the trial court modify the judgment to award spousal maintenance?

## ANALYSIS

■ 1. Modification of property divisions pursuant to Minn.Stat. § 518.58 (1984) is provided for by Minn.Stat. § 518.-64, subd. 2 (Supp.1985), which provides:

[E]xcept for an award of the right of occupancy of the homestead, provided in section 518.63, all divisions of real and personal property provided by section 518.58 shall be final, and may be revoked or modified only where the court finds the existence of conditions that justify reopening a judgment under the laws of this state.

It is well settled that property divisions become final for purposes of Minn.Stat. § 518.64 once the time for appealing from the judgment and decree has expired. *Boom v. Boom*, 367 N.W.2d 536 (Minn.Ct.

App.1985), *pet. for rev. denied*, (Minn. June 27, 1985). A trial court does not have authority to modify a property division after the original decree has been entered and the time for appeal has expired. *Arzt v. Arzt*, 361 N.W.2d 135, 136–7 (Minn.Ct. App.1985) (citations omitted).

The time for appeal from the judgment has passed. Appellant claims her request for reapportionment of proceeds is simply a clarification of the original judgment, and not a modification.

Respondent argues that the decreased value of the homestead from the time of the initial appraisal resulted from appellant's failure to sell and pay the lien when due.

■ Although property divisions are final under Minn.Stat. § 518.58, except on grounds of fraud, mistake, or inadvertent neglect, Minn.R.Civ.P. 60.02, Minnesota recognizes exceptions in instances where a seeming modification only clarifies or interprets a property division. *Stieler v. Stieler*, 244 Minn. 312, 70 N.W.2d 127 (1955). A clarification does not result in a judgment different from the original, but serves only to express accurately the thoughts the judgment intended to convey. *Id.* at 319–20, 70 N.W.2d at 132. However, *Stieler* also directs the court to consider terms implied in the judgment, as well as those actually expressed. *Id.* at 319, 70 N.W.2d at 132. Appellant claims the trial judge intended the parties to share 50/50 in any decrease in selling price.

Here, the 1981 judgment clearly awards appellant the homestead subject to respondent's $12,000 lien.

* * * The lien shall be paid to the Respondent no later than two (2) years from the date of this Judgment and Decree. * * *

* * * Each party shall bear one-half (½) of the costs of sale, including attorneys' fees, recording fees, State Deed tax, and real estate commissions. Any outstanding mortgage balance shall be paid off. Respondent shall be paid his lien interest with accumulated interest and shall fur-

ther receive one-half of any sums paid by buyers in excess of $51,500.00. The balance shall then be payable to the petitioner.

■ This provision was based on an oral stipulation read into the record at the dissolution hearing. Both parties said they agreed to the stipulation. Since the decree did not provide for the parties to share in any potential loss from the sale of the homestead, the trial court did not err in denying appellant's motion.

There are a variety of methods to divide property. In this case the property settlement was not framed as a 50–50 split of the equity in the homestead. Reapportionment of the proceeds, as appellant requests, would change the terms of the decree and be an impermissible modification of the judgment. The trial court did not err in denying the motion.

2. In *Thompson v. Thompson*, 359 N.W.2d 311 (Minn.Ct.App.1984), we ordered a hearing on the issue of division of the sale proceeds. Appellant argues she was denied a hearing because she was not permitted to call witnesses and present evidence.

This court's holding in *Thompson* did not specify what kind of hearing should take place. Although the trial court did not have a court reporter present at the in-chambers discussion, both attorneys were present and agreed to submit briefs on the issues.

■ "[T]he use of oral testimony upon the hearing of a motion has been said to be discretionary with the trial court and not a matter of right." *Saturnini v. Saturnini*, 260 Minn. 494, 496, 110 N.W.2d 480, 482 (1961) (citations omitted).

Minn.R.Civ.P. 43.05 provides:

When a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

The supreme court in *Saturnini* held that the trial court did not abuse its discretion in denying plaintiff a right to cross examine defendant on contents of her affidavit where plaintiff failed to submit a required responsive affidavit. *Id.* at 498, 110 N.W.2d at 483.

■ In this case, the parties' attorneys agreed to brief the jurisdiction issue. Respondent timely filed and served his brief. Although appellant's brief was due 30 days after respondent's, it was not filed until August 21, 1985, eight days after the trial court denied appellant's motion. In light of appellant's failure to comply with the agreed upon procedure, the trial court's denial of the motion was proper.

3. Appellant now asks the trial court to amend the decree to award spousal maintenance.

■ At the dissolution hearing both parties waived maintenance. The trial court did not award maintenance, nor did it reserve jurisdiction to award it in the future. The judgment and decree provides:

5. That the maintenance rights are hereby waived by both parties.

"[W]here the decree does not specifically reserve jurisdiction of the issue of alimony for determination at a later date, no such jurisdiction can later be claimed." *McCarthy v. McCarthy*, 293 Minn. 61, 66, 196 N.W.2d 305, 308 (1972).

## DECISION

Where the time for appeal of the judgment has expired, the trial court did not err in refusing to reapportion escrow proceeds from the sale of the parties' homestead. The trial court did not err by not permitting appellant to present witnesses at the motion hearing. The trial court may not award appellant maintenance where the issue was not reserved.

Affirmed.