In re the Marriage of Roger A. PETERSON, Petitioner, Appellant,

v.

Diane E. PETERSON, n.k.a. Dianne E. Brennan, Respondent.

No. C6–84–1369.

Court of Appeals of Minnesota.

April 2, 1985.

Review Denied June 14, 1985.

Thomas W. Wexler, Peterson, Engberg & Peterson, Minneapolis, for appellant.

Christine M. Leick, Arthur, Chapman & Michaelson, Minneapolis, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

This is an appeal from an order that denied appellant father's motion for a custody hearing, that increased child support, that required payment of child support arrearages, and required payment of one-half of respondent mother's attorney's fees. We affirm.

## FACTS

Father and mother were divorced on July 24, 1974, after a five-year marriage and the birth of a daughter, born September 11, 1969. By stipulation, physical custody of the minor child was granted to mother. Father was to pay $175 per month child support, which would be reduced to $125 per month if mother remarried. Both parties remarried. Father's second marriage is presently being dissolved.

The minor child lived with mother until October 1981, when she went to live with father. In June 1983, she returned to mother's home. In September 1983, mother petitioned the court for child support arrearages and for increased future child support. Father responded with a motion seeking custody of the minor child.

Between September 1983 and May 1984, the relationship between the parties became acrimonious. There were several court appearances. There has been little cooperation with scheduling discovery and other matters. Certain details of this activity are discussed under the appropriate issue.

Ultimately an evidentiary hearing commenced January 6, 1984, resulting in the order which is the focus of this appeal. That order required father to pay $750 child support arrearages and child support of $550 per month. It required him to pay $2,911.50, representing one-half of mother's attorney's fees. Father's request for a custody hearing was denied on grounds that the threshold requirements of Minn. Stat. § 518.18 had not been met. Finally, the court declined to consider a supplementary affidavit and certain of father's motions that were filed late.

Father requested a new trial and amended findings. His motions were denied and this appeal ensued.

## ISSUES

1. Did the court err by denying father a custody hearing?

2. Did the court err by limiting an evidentiary hearing on child support to one hour?

3. Did the court err in increasing child support payments and in refusing to consider father's motion to terminate support at age 18?

4. Did the court err in awarding child support arrearages?

5. Was the award of temporary child support increases reasonable for appeal?

6. Did the court err by awarding attorney's fees to mother?

## ANALYSIS

■ 1. Custody may not be modified unless the court finds:

that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:

(i) The custodian agrees to the modification;

(ii) the child has been integrated into the family of the petitioner with the consent of the custodian; or

(iii) the child's present environment endangers his physical or emotional

health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d) (1984). Ordinarily this requires a petitioner to make a prima facie showing by affidavit that there has been an adverse change in circumstances affecting the child.

It is our view that a reasonable construction of the statute would be to require the trial court to deny a motion for the modification of a custody order unless the accompanying affidavits set forth sufficient justification * * * for the modification.

*Nice-Peterson v. Nice-Peterson,* 310 N.W.2d 471, 472 (Minn.1981); *see also Gottenborg v. Gottenborg,* 343 N.W.2d 674, 676 (Minn.Ct.App.1984).

■ Father's November 22, 1983 motion for change in custody was accompanied by an affidavit that indicated the minor child had lived with father as recently as five months earlier. The trial court concluded that the threshold requirement of section 518.18 had not been met. We find no error in that determination. Father's affidavit did not address any adverse change in the minor child's circumstances. Neither did it suggest that modification was necessary to serve the best interests of the minor child. *See Chapman v. Chapman,* 352 N.W.2d 437 (Minn.Ct.App.1984).

On December 30, 1983, father filed, along with other papers, a supplementary affidavit to his motion for custody modification. That affidavit failed to comply with requirements of an interim order issued by the family court which contained certain time limitations for the filing of papers.[1]

In his supplementary affidavit, father makes the following allegations: that the minor child started to live with him at a time when she was not on good terms with her mother; that the father-daughter living arrangement ended after the minor child had a violent confrontation with her father's new wife; that the minor child had become integrated into father's home; that since her return to mother's home, visitation has been obstructed; that father believes that, because mother remarried someone younger than herself, this relationship is detrimental to the minor child; and that the minor child has attended school in father's school district since 1981.

■ We find no error in the trial court's refusal to consider late affidavits. Father was aware of the court's previous order regarding timely filing. Given the protracted and acrimonious nature of this matter, it was reasonable for the court to issue such a restrictive order and enforce it.

■ The minor child had lived with husband for less than two of nine years since the dissolution. That living arrangement ended abruptly five months before father brought his motion for custody modification. These facts do not constitute the integration contemplated by Section 518.-18(d)(ii). Moreover, the allegations suggesting an adverse change in the minor child's living arrangements are too vague to meet the threshold requirements of section 518.18(d)(iii). That mother has remarried someone younger than she is not per se detrimental to the minor child. Further, we cannot ignore the fact that father's motion for custody was brought, not while the minor child was residing with him, but five months after she had returned to her mother's home, and then only in response to mother's request for increased child support and support arrearages.

■ 2. Father next contends that he was entitled to an unrestricted evidentiary hearing on the issue of child support. The law provides:

All applications for temporary relief and motions, except for custody, contempt proceedings, or motions to vacate a Judgment and Decree shall be submitted on

---

**1.** An order dated December 13, 1983, required that all supplemental motions be *"filed* five working days prior to" hearing. The affidavits at issue here were served four working days prior to the January 6 hearing. They were not filed prior to that hearing.

Affidavits and argument of counsel unless otherwise ordered by the Court, based on good cause shown.

Uniform Rules of Procedure for Family Court Dissolution Matters 1.08(b). *See also* Minn.R.Civ.P. 43.05. A motion for increased child support may be determined on affidavits. It is left to the trial court's discretion whether to require a hearing in a particular case. *Saturnini v. Saturnini,* 260 Minn. 494, 110 N.W.2d 480 (1961).

■ In this case the court accommodated father by granting a one-hour evidentiary hearing. As a result of that hearing, the trial court increased child support from $125 to $550 per month. The trial court properly exercised its broad discretion in both the grant of the evidentiary hearing on support and the limitation placed in the length of that hearing.

3. Father also argues that the child support increase was unreasonably high, was not supported by adequate findings or sufficient evidence, and that support should have terminated prior to the minor child's 21st birthday.

*Amount*

Child support may be modified by showing one or more of the following:

(1) substantially increased or decreased earnings of a party;

(2) substantially increased or decreased need of a party;

\* \* \* \* \* \*

(4) a change in the cost-of-living of either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

Minn.Stat. § 518.64, subd. 2 (1984).

The trial court made the following findings regarding the support issue:

11. [Appellant's] earnings have substantially increased since the date of the Judgment and Decree. \* \* \*

12. [Appellant's] 1982 income tax return [the most recently available] showed an adjusted gross income of $318,863.78; $6,399.83 of this income is attributable to [his current] wife, \* \* \* and $149,726.99 is income from a capital gain.

13. [Appellant] admits that for the foreseeable future he is able to pay child support of $500 per month.

\* \* \* \* \* \*

16. [In the last ten years, Respondent's income never exceeded $20,000 per year.]

\* \* \* \* \* \*

18. Respondent's current husband is a student and is employed approximately half-time at the University of Minnesota, earning $5.46 per hour.

19. The minor child's expenses have increased significantly since the time of the Judgment and Decree. She is now 15 years of age. Consequently, her educational, clothing and entertainment expenses, in particular, have increased.

20. The child's expenses for entertainment and sporting activities have further increased because [appellant], who in the past has regularly entertained the child and taken her on sporting excursions, such as ski trips, has only occasionally visited with her since June 1983.

21. Based upon the U.S. Department of Labor, Bureau of Labor Statistics, Consumer Price Index for all urban consumers (CPI–U), Minneapolis-St. Paul, the cost-of-living has increased 138.7% since the Judgment and Decree. Thus, even without any changes in [appellant's] income or the child's needs, child support should be increased to $298.

■ These findings are sufficient to enable meaningful review, and are substantiated by information contained in the record. The child's needs and the parents' ability to pay justify child support levels of $550 per month.[2] The court did not err in ordering child support in that amount.

---

**2.** This amount is considerably less than that required by the guidelines set forth in Minn. Stat. § 518.551. However, the issue of departure was not raised by mother on appeal.

*Age of Support*

Pursuant to stipulation in the divorce decree, the minor child was to receive support payments until the age of 21. Father, by motion served December 30, 1983, sought to terminate these payments when she reached 18. This motion, like father's supplementary affidavit regarding custody, was filed late. The trial court did not address it. Again, we find no error on the part of the trial court for refusing to relax the requirements of an earlier order and entertain father's motion. Neither will we address that motion on review.

4. Father indicated to mother in 1976 that he would reduce child support by $50 per month so long as mother either lived with or was married to someone else.[3] The trial court determined that father reduced payments by the $50 per month figure for 15 months while mother, in fact, was living alone. Thus, the court determined arrears to be $750. Father alleges that the court erred in failing to reduce those arrearages by amounts which father paid to mother as support during periods when the minor child, in fact, resided with father. We find no such error.

Father continued to make support payments even though the minor child resided with him. He did not seek relief from the court regarding these payments. Certainly, many of the expenses incurred by mother in maintaining her home continued unabated, even though the minor child was temporarily absent from that home. A party may be required to provide child support to another even while he has temporary physical custody. *Gordon v. Gordon,* 356 N.W.2d 436 (Minn.Ct.App.1984). The court did not abuse its discretion in determining arrearages and refusing to consider a setoff.

5. On November 22, 1983, several weeks before the parties' motions were considered in the hearing which resulted in this appeal, a family court referee awarded temporary child support payments to mother in the amount of $500 per month. The order was confirmed on March 8, 1984 by a district court order. Father seeks review of that order, claiming the amount of support was unreasonable and that he was not accorded due process. We find no merit in father's complaints about this temporary support order. Father requested a continuance of mother's motions. The court granted that continuance. The temporary support order was instituted as a condition of that continuance.

6. The court has broad discretion in awarding attorney's fees in a dissolution matter. *Heard v. Heard,* 353 N.W.2d 157 (Minn.Ct.App.1984). The financial resources of both parties are to be considered. Minn.Stat. § 518.14 (1984). There is wide disparity in the earnings of the parties here. Father had 1982 gross income of $318,863.78. Mother's income since the divorce has never exceeded $20,000 per year. The award to mother of one-half her fees is reasonable.

### DECISION

1. The court did not err by denying appellant a custody hearing.

2. The court did not err by limiting the evidentiary hearing on support to one hour.

3. The court did not err in increasing child support, nor in refusing to consider appellant's motion to terminate support at age 18.

4. The court did not err in awarding child support arrearages.

5. Temporary child support was reasonable and was properly awarded.

6. The court did not err in its award of attorney's fees.

We affirm.

---

**3.** Inasmuch as mother does not complain on appeal of the propriety of father's $50 per month reduction in support, we do not address that issue.