In re the Marriage of Stuart James **WANGE, Petitioner, Respondent,**

v.

**Sandra Maureen WANGE, Appellant.**

No. C8–87–271.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Ann C. Schulz, Koenig, Robin, Johnson & Wood, Wayzata, for respondent.

Jennifer R. Wellner, Skogerboe and Skogerboe, Chtd., Blaine, for appellant.

Heard, considered and decided by HUSPENI, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

Appellant Sandra Wange and respondent Stuart Wange entered into a stipulation which was incorporated in the judgment and decree in this dissolution action. Appellant's subsequent motion to vacate the judgment and decree or in the alternative to grant an evidentiary hearing on modification of child custody or to reduce the amount of child support was denied. Appellant argues that the court abused its discretion in denying her alternative requests for relief and that the court erred in determining her net monthly income. Respondent has filed a notice of review challenging the portion of the order that denied his motion for attorney fees. We affirm in part, reverse in part and remand.

## FACTS

The parties were married in 1981 and have two children, ages three and one at the time of the dissolution. During the marriage, respondent worked in North Dakota for substantial periods of time while appellant and the children lived in Remer, Minnesota. Appellant worked as a waitress during portions of the marriage, and earned approximately $30 a week. Respondent does not contest appellant's assertion that during the marriage she was primarily responsible for maintaining the residence.

This included chopping firewood after the furnace stopped working and hauling waste to the neighbors after the plumbing stopped working. There were also repeated problems with chimney fires.

In October 1985, the parties decided to separate. Respondent moved to Minneapolis, and appellant states that she allowed the children to reside with him due to the condition of the homestead. Respondent served a summons and petition for dissolution of the marriage on January 14, 1986, and a hearing was set for July 14. On the day of the hearing, the parties and their attorneys negotiated a stipulation, which was read into the record. The judgment and decree incorporating the stipulation was entered on October 7. Between July 14 and October 7, appellant's job was terminated. She began receiving unemployment compensation of $541 a month in August. Support ordered in the decree is based upon the income of $860 per month which she earned at the time of the stipulation.

Appellant subsequently retained new counsel, and on December 4 filed a motion requesting that the judgment and decree be vacated, that the court grant an evidentiary hearing on modification of custody or that the court reduce the amount of child support. Affidavits were served relating to each of the three alternative requests for relief. Respondent moved for attorney fees. A hearing was held on January 12, 1987, at which time appellant's counsel attempted to serve two additional affidavits. The trial court[1] rejected the affidavits as untimely served. An order denying all motions was filed on January 15, and this appeal followed.

## ISSUES

1. Did the trial court abuse its discretion in refusing to vacate the judgment?

2. Did the trial court abuse its discretion in refusing to modify child support?

3. Did the trial court abuse its discretion in refusing to grant an evidentiary hearing on custody modification?

4. Did the trial court abuse its discretion in denying respondent's request for attorney fees?

## ANALYSIS

### I.

■ Regarding appellant's motion to vacate the judgment and decree, the trial court found:

That the Court is mindful of the cases ruling on the right to bring a motion to set aside a Judgment and Decree under Rule 60.02 and notes that the only circumstances now permitted to use that Rule for Family Court is the rule of fraud.

While Minn.R.Civ.P. 60.02 is not applicable in dissolution cases, the trial court properly stated the requirements for vacation of a dissolution judgment as they were set forth in *Lindsey v. Lindsey*, 388 N.W.2d 713, 716 (Minn.1986). Although a review of the record indicates that the trial court's findings do not fully reflect the arguments made by appellant, we agree that the record is insufficient to warrant vacation of the judgment, and that appellant has produced no facts that would meet the *Lindsey* requirements.

### II.

In response to appellant's alternative request for reduction in child support, the trial court found that the judgment was entered in October but that the change in appellant's income had occurred in August. The trial court relied upon this finding to refuse to modify appellant's $175 per month child support obligation, noting that appellant knew of the change at the time the judgment was entered. However, the finding does not address the fact that the October 7 decree was based on a stipula-

---

1. The "trial court" here is the referee. The referee's proposed order was confirmed by the trial judge pursuant to Minn.Stat. § 484.65, subds. 9 and 10 (1984). No review was sought pursuant to subd. 9. We note, as we have so often in the past, that such review is advisable. Also, review often obviates the necessity of further appeal, and reduces for both parties the economic and emotional costs of litigation.

tion entered into the record on July 14, a date which was clearly before appellant could have known that her income would be reduced following termination of her employment in August. There were no court proceedings between July 14 and October 7.

■ The trial court should have applied Minn.Stat. § 518.64, subd. 2 (1985) which reads in relevant part:

The terms of a decree respecting maintenance or support may be modified upon a showing of * * * substantially * * * decreased earnings of a party * * * which makes the terms unreasonable or unfair.

Appellant's affidavit shows, and respondent does not contest, that appellant's earnings decreased from $860 to $541 per month. This change should have been considered by the trial court in determining whether a modification of support is warranted under Minn.Stat. § 518.64, subd. 2. We therefore reverse the denial of the motion for a reduction in child support and remand the matter for further consideration.

### III.

The trial court found:

That [appellant] also alleges a belief that the children are in danger in their father's custody. She has executed but not yet filed affidavits dated within the last 24 hours, and the [respondent] objects to the timeliness of such affidavits.

We note initially that there was an affidavit accompanying the motion for an evidentiary hearing on modification of custody wherein appellant attempted to show that the children were not adequately cared for while in respondent's custody. That affidavit was properly before the trial court, although it apparently was not considered by it.

■ We further note that the trial court refused to consider those affidavits which were untimely served. While we appreciate the policy concerns for stability in custody determinations which underlie the provisions of Minn.Stat. § 518.18 (1986), and recognize that there are occasions when allegations of endangerment may be baseless, we believe that it would have been a better practice in this case for the trial court to have considered the affidavits, while granting a short continuance or providing some other method to enable respondent to respond to them.[2] The best interests of the children, we believe, would have been served by assuring that the trial court gave full and fair consideration to all information that was available in the proffered affidavits. While we make no determination on the issue of whether an evidentiary hearing on modification of custody will be necessary, we do remand for consideration of all affidavits presented by either party on the custody issue.

### IV.

Respondent's motion for attorney fees pursuant to Minn.Stat. § 549.21 (1986) was denied by the trial court as untimely. Because we are remanding this matter on other issues, we will not address the merits of respondent's argument that the trial court erred in denying the motion. At the remand hearing, either party may renew or request anew attorney fees under Minn. Stat. § 549.21 or, perhaps more appropriately, under section 548.14 upon timely notice to the other party.

### DECISION

Denial of the motion to vacate the judgment was proper, but the trial court abused its discretion in failing to consider a change in appellant's income in relation to a request to modify child support and in failing to consider affidavits relating to the children's environment in response to appel-

2. Respondent cites *Peterson v. Peterson*, 365 N.W.2d 315 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. June 14, 1985) as authority for the proposition that failure to consider late affidavits is not error. However, in *Peterson*, a case with lengthy and acrimonious post-decree disputes between the parties, the trial court had issued an order specifically delineating time periods for filing and service of motions and affidavits. That order was violated by the complaining party.

lant's request for an evidentiary hearing on custody modification. Motions for attorney fees may be considered at the remand hearing.

Affirmed in part, reversed in part and remanded.